**In re John B. CORBAN, Dorothy P. Corban, Debtors.**

**ITT FINANCIAL SERVICES, Plaintiff,**

v.

**John B. CORBAN, Dorothy P. Corban, Defendants.**

**Adv. No. 86–0201.**

**Bankruptcy No. 86–00930.**

United States Bankruptcy Court, M.D. Louisiana.

Feb. 24, 1987.

---

**328**

William T. Adcock, Baton Rouge, for plaintiff.

John B. King, Baton Rouge, for defendants.

Joan B. Parmelee, trustee.

## REASONS FOR JUDGMENT

WESLEY W. STEEN, Bankruptcy Judge.

### I. Jurisdiction of the Court

This is a proceeding arising under Title 11 U.S.C. The United States District Court for the Middle District of Louisiana has original jurisdiction pursuant to 28 U.S.C. § 1334(b). By Local Rule 29, under the authority of 28 U.S.C. § 157(a), the United States District Court for the Middle District of Louisiana referred all such cases to the Bankruptcy Judge for the district and ordered the Bankruptcy Judge to exercise all authority permitted by 28 U.S.C. § 157.

This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(J); pursuant to 28 U.S.C. § 157(b)(1), the Bankruptcy Judge for this district may hear and determine all core proceedings arising in a case under Title 11 referred under 28 U.S.C. § 157(a), and the Bankruptcy Judge may enter appropriate orders and judgments.

No party has objected to the exercise of jurisdiction by the Bankruptcy Judge. No party has filed a motion for discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1) or pursuant to 11 U.S.C. § 305. No party filed a timely motion for mandatory abstention under 28 U.S.C. § 1334(c)(2). No party has filed a motion under 28 U.S.C. § 157(d) to withdraw all or part of the case or any proceeding thereunder, and the District Court has not done so on its own motion.

### II. Summary of the Adversary Proceeding

The Plaintiff filed a complaint on September 23, 1986, objecting to the discharge of the Debtors. The complaint alleges that the Debtors intentionally disposed of fully encumbered property to the prejudice of the secured creditor. An answer denying the allegations was filed on October 7. On October 29 the Plaintiff filed a motion for dismissal "upon the

grounds that the petitioner and defendants have reached an amicable settlement."

The motion for dismissal was denied for failure to comply with Rule 7041; in its application to dismissal of complaints to deny discharge, the rule requires notice to the trustee and dismissal only on "terms and conditions which the court deems proper."

To carry out the mandate of the rule, Plaintiff was required to notice the trustee, to file a statement of any consideration received for the dismissal, and then to renew the motion to dismiss. Plaintiff was referred to the Advisory Committee notes to Rule 7041 that state:

"Dismissal of a complaint objecting to a discharge raises special concerns because the plaintiff may have been induced to dismiss by an advantage given or promised by the debtor or someone acting in his interest. Some courts by local rule or order have required the debtor and his attorney or the plaintiff to file an affidavit that nothing has been promised to the plaintiff in consideration of the withdrawal of the objection. By specifically authorizing the court to impose conditions in the order of dismissal this rule permits the continuation of this salutary practice."

■ Objections to the discharge of a debtor under § 727 of the Bankruptcy Code generally involve allegations of conduct by the debtor that are contrary to public policy as offensive to the creditor body as a whole. It is with respect to such complaints that the trustee must be notified and that the Advisory Committee note proscribes the receipt of consideration for dismissal of the proceeding. These actions under § 727 to deny discharge of the debtor are in contrast to objections to dischargeability of a debt under § 523 in that the latter generally involve the character of the debt itself or else involve allegations of misconduct between the debtor and a specific creditor; therefore, these latter proceedings in many circumstances will be less charged with public policy considerations than will be objections to discharge.

■ But it is also possible to have a hybrid of these two concepts. This proceeding involves an allegation of misconduct under § 727 that, if true, would have direct effect only between the Debtors and the complaining creditor since the complaint alleges that the Debtors disposed of fully encumbered property with the intent to hinder, defraud, or delay creditors. The only effect of the conduct, if proved to be true, is that the Plaintiff/creditor would retain a minimal unsecured debt whereas if the conduct alleged were not true the creditor would be fully secured. The proceeding currently under discussion, therefore, has bases in the objectives both of § 523 and of § 727.

By ordering the disclosure of the consideration given for the dismissal the Court learned that the Debtors proposed to reaffirm the debt involved; as consideration for the reaffirmation, the Plaintiff proposes to dismiss the proceeding. The reaffirmation agreement filed in the record, however, does not meet the requirements of § 524(c) of the Bankruptcy Code.

Since the Debtors are represented by counsel and have agreed to settlement, and after consideration of all facts and circumstances peculiar to the case, I conclude that it is not inequitable for the Debtors to make good the results of its alleged misconduct. The alleged misconduct has minimal or no effect on other creditors, is of limited significance as public policy, and is apparently remedied by the proposed method of settlement. The trustee has been noticed of the proposed settlement and has no objection.

### III. Conclusions

Therefore, I conclude that the terms and conditions of the settlement, with the following additions, are proper and the settlement is approved, the adversary proceeding is dismissed, and the Clerk is ordered to set a discharge hearing for the Debtors. Counsel for both parties are cautioned, however, that the reaffirmation agreement apparently entered into the record does not meet the requirements of § 524(c) of the Bankruptcy Code. Counsel are cautioned to meet the requirements of § 524(c) if

they intend a reaffirmation agreement that can be enforced. In addition, the Court will require an additional certification by the attorney for the Debtors in this case; this requirement is supplementary to the requirements of § 524(c)(3). The attorney for the Debtors must certify, in addition to the other requirements of § 524(c)(3), that he has explained to the Debtors the allegations of Adversary Proceeding 86–0201 and has consulted with the Debtors concerning his evaluation of the Plaintiff's claim and the possibility that the Debtors would not be found to have committed an act for which discharge would be denied under § 727.

An appropriate order will be entered this date.