Errol LYNCH, et al.

v.

Joseph S. CANNATELLA, Jr., et al.

Civ. A. No. 85–1954.

United States District Court,
E.D. Louisiana.

July 21, 1987.

On Second Motion for Relief
Aug. 11, 1988.

Affirmed, 5th Cir., 860 F.2d 651.

Nicholas Estiverne, New Orleans, La., for plaintiffs.

Kendall L. Vick, New Orleans, for Bd. of Commissioners, Harbor Police Dept., Harbor Police officers, Cannatella, Berr, Muller, and McKinney.

Norman Mott, New Orleans, for Harbor Police officers.

Ellen Sue Shapiro and Eneid Francis, New Orleans, for David Lambert.

John J. McGuckin, New Orleans, for Pike Shipping.

Edwin K. Legnon, New Orleans, for Gulf Fleet Marine and Capt. Engeseth.

Chester H. Boyd, Baton Rouge, for Gulf Marine Terminals.

## AMENDING & SUPERSEDING ORDER & REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter came before the Court for hearing on the motion of defendants to dismiss due to plaintiffs' failure to comply with the Fifth Circuit's order that plaintiffs be accorded

> one final opportunity to conduct any discovery that may be appropriate for the sole purpose of identifying specific defendants and then to amend their remaining claims against each of the individual harbor police defendants to include the requisite detail outlined above [in the opinion] and to dismiss from suit any individual harbor policemen against whom a sufficient claim cannot be alleged.

*Lynch v. Cannatella*, 810 F.2d 1363, 1377 (5th Cir.1987). Pursuant to the mandate issued March 23, 1987, this Court held a status conference, at which time a trial date was assigned and a cut off date of June 8, 1987 was assigned for the parties to file amendments to pleadings.

Upon plaintiffs' failure to file the required amended complaint and indicate against which officers they intended to proceed, defendants brought the instant motion to dismiss, filed June 16, 1987. Plaintiffs' opposition to the motion, filed June 23, 1987, made no mention of any attempt on their part to comply with the Orders of this Court and the Fifth Circuit by amending their complaint or dismissing officers against whom they had no claim. Rather, plaintiffs asserted defendants had frustrated plaintiffs' attempts to discover the identification of the police officers allegedly involved in the wrongful conduct at issue, stating that defense counsel "blatantly lied" about an agreement reached between counsel as to how identification of the Harbor Police would proceed from certain photographs. By memorandum, plaintiffs specifically alleged defendants' lack of cooperation prevented plaintiffs from filing "a complete supplementary petition."

In view of these serious accusations, the Court placed counsel under oath for the

purpose of ascertaining what discovery occurred and whether plaintiffs should for any reason be excused from their failure to meet the latest Court imposed deadline regarding amendment to the complaint, as the Court's docket sheet and record disclosed no motion to file amended complaint or amended complaint was filed with or tendered to the Court.

The Court first heard the sworn statements of Norman Mott, counsel for the defendants, as to events transpiring at meetings between counsel and defendants' attempts to respond to certain discovery requests. The Court also received the sworn testimony of Bernadine Johnson, which testimony generally corroborated Mr. Mott's assertions regarding good faith attempts made to identify the individuals involved in the alleged wrongdoing from pictures and to verify such identifications with the Harbor Police. The Court finds Mr. Mott and Ms. Johnson credible in their testimony as to what transpired and the Court finds no bad faith or other improper conduct on defendants' part such as might have remotely contributed to plaintiffs' failure to comply with this Court's Orders and rules.

Plaintiffs further contended that they were frustrated in their attempts to amend the complaint by defendants' failure to respond to certain interrogatories until just prior to a hearing on a motion to compel. However, the Court finds credible Mr. Mott's explanations for defense counsel's conduct in this regard, including his assertion that he did not receive notice of the Local Rule 3.11 conference required to encourage amicable resolution of discovery disputes until after the conference was to occur. The poor track record of plaintiffs' counsel, Nicholas Estiverne, for timely compliance with Court Orders and the plethora of complaints previously received as to late service of pleadings by Mr. Estiverne lends further support to Mr. Mott's assertions and further discredits Mr. Estiverne.

Any credence this Court might have lent to Mr. Estiverne's assertions was thereafter eradicated by Mr. Estiverne's graceless attempts to palm off on his secretary responsibility for his failure to amend the complaint. Nonetheless, in an attempt to accord plaintiffs a full hearing on this matter, the Court placed Mr. Estiverne's secretary, Carol Harris, under oath, at which time she testified she had attempted to file an amended complaint while Mr. Estiverne was on vacation, but that Intake rejected the pleading for noncompliance with local rules of Court. The Court does not accept Ms. Harris' testimony and does not find Ms. Harris and Mr. Estiverne credible.

At the outset, the Court finds it incredible that Mr. Estiverne made any attempt to amend the complaint prior to the July 1 hearing but did not so advise the Court in his memorandum filed prior to that hearing. On the contrary, the memorandum suggests no such amendment was attempted. Moreover, although put on notice by Mr. Mott's motion that no amendment was timely filed, Mr. Estiverne waited until the hearing to advise the Court the complaint was of record, which it of course was not. No corroborating evidence of an attempted filing was presented to the Court, although counsel for plaintiffs presented the Court by way of supplemental memorandum the purported original amending complaint. Even if this Court were to accept Mr. Estiverne's and Ms. Harris' testimony, the Court also finds highly inappropriate Mr. Estiverne's attempted delegation of his responsibility as an attorney to draft and sign pleadings, particularly in light of the significance his signature bears under Rule 11.

The impropriety of counsel's conduct is also highlighted by his continued refusal to dismiss from this action officers whom he readily assented at the hearing had nothing to do with the incident in question. Nor has counsel presented or tendered to the Court to date a proper motion to amend the complaint herein.[1]

1. The amended complaint purportedly tendered to Intake during Mr. Estiverne's vacation did not conform to the rules of this Court in that the amending and supplemental complaint was not filed and set forth in a document separate from the motion to amend and supplement the com-

For the foregoing reasons, and given counsel's admissions at the hearing, IT IS ORDERED that claims against Mr. McKinney, Mr. Castain, Mr. Glaser, Mr. Sterling and Mr. George be and the same are hereby DISMISSED with prejudice. The remainder of plaintiffs' case is hereby dismissed with prejudice due to plaintiffs' contumacious refusal to comply with Court Orders. The Clerk of Court is hereby directed to enter final judgment accordingly, dismissing this case at plaintiffs' costs.

## ON SECOND MOTION FOR RELIEF

This matter came before the Court on June 22, 1988 for hearing on plaintiffs' second motion for relief from judgment under Rule 60(b)(1) and on their second motion to alter or amend judgment under Rule 59(e). For the following reasons, the Court now DENIES both motions.

This matter has wound its way in this Court for a third time. Like Alexander before the Gordian knot, this Court will attempt to unravel "an unusual procedural snarl." *Lynch v. Cannatella*, slip op. at 5 (5th Cir. May 26, 1988).

### I. *The Rule 60(b)(1) Motion*

Plaintiffs' counsel, Nicholas Estiverne, apologizes to the Court for his improper conduct and asserts that it was "excusable neglect" for him to assume that his secretary could properly prepare, sign, and file the crucial amended complaint.

At the hearing on July 1, 1987 and in its Order and Reasons of July 17, 1987, as amended and superseded on July 21, 1987, this Court already considered the secretary's role in this matter. Mr. Estiverne thus raises no new points in this regard.

It is neither "excusable" nor "neglect" for Mr. Estiverne to disregard the Court's directives as he did. Mr. Estiverne was well aware that he was being given "one final opportunity," *Lynch v. Cannatella*, 810 F.2d 1363, 1377 (5th Cir.1987), to amend the complaint; any reasonable attorney would have made it his utmost concern to tend to this last opportunity—to see that the complaint was properly amended. Under other circumstances, it might be excusable neglect for an attorney to miss a deadline imposed by a court; in this instance, however, Mr. Estiverne was given more than ample warning of the importance of complying with his one, last-chance order.

■ Mr. Estiverne apparently remains under the unreasonable misconception that a secretary who is not a lawyer may fulfill an attorney's obligations in filing pleadings in federal court. Rule 11 could not be

plaint; neither the motion nor the memorandum attached to it contained a certificate of service of the pleadings on opposing counsel; and the motion to amend was not accompanied by the Local Rule 3.13A Certificate required for filing of amended pleadings, nor was a notice of hearing attached to the motion to amend. Although the memorandum in support of motion was signed by counsel, the motion to amend and supplement complaint was not itself signed. The Court further notes that the document submitted to it as the original motion to amend and supplement complaint appears to be a xerox copy and not an original and that the signature set forth on the memorandum does not bear any resemblance to the other signatures of Mr. Estiverne appearing in the record herein.

In addition, for the information of any reviewing court, this Court would point out that the filing stamp appearing on the motion to amend and supplement complaint was erroneously placed thereon by Intake on July 14, 1987, when the ex parte motion for leave to amend memorandum, stamped "Received" on July 9, 1987, was returned to the docket clerk for filing of record unsigned.

The other motion papers presented to this Court at the hearing and purporting to be a copy of the corrected amending petition previously filed with the Court were labeled Court No. 1 and filed of record herein together with the Court's minutes entered July 2, 1987. This pleading does not bear a signature of counsel, although it appears to be an original pleading. It is an improvement over the previous motion, to the extent that it contains a notice of hearing, even though the notice of hearing is not filled in, the certificate of service thereon is not complete and the notice is improperly drafted for the Judge's signature. In addition, the motion to amend complaint and the complaint itself are improperly combined in a single document. Plaintiffs' memorandum also contains allegations made in bad faith to the extent it states, "All allegations against the other defendants remain the same," even though plaintiffs' counsel admitted during oral argument on July 1 that Officers McKinney, Castain, Glaser, Sterling and George be dismissed from the proceedings.

clearer: an attorney of record *must* sign every pleading, motion, or other paper filed in court. It is simply inexcusable for any attorney to delegate to a non-lawyer the task of drafting and signing a court pleading on behalf of the attorney, especially where the attorney never even reviews the pleading that the non-lawyer has drawn up.

■ In sum, it is not even close that Mr. Estiverne has made any showing or even proper suggestion of "unique circumstances" to justify Rule 60(b) relief. *See Pryor v. United States Postal Service,* 769 F.2d 281, 287 (5th Cir.1985). As Professors Wright and Miller have written, "a party cannot have relief under Rule 60(b)(1) merely because he is unhappy with the judgment. ... Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law." 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2858, at 170 (1973), *cited with approval in Chick Kam Choo v. Exxon Corp.,* 699 F.2d 693, 695 (5th Cir.), *cert. denied,* 464 U.S. 826, 104 S.Ct. 98, 78 L.Ed. 2d 103 (1983), *and Crutcher v. Aetna Life Insurance Co.,* 746 F.2d 1076, 1083 (5th Cir.1984). Accordingly, the Court DENIES plaintiffs' Rule 60(b) motion.

## II. *The Rule 59(e) motion*

Mr. Estiverne raises two grounds in this motion: first, that one of the counsel for defendants, Mr. Mott, received notice of a Local Rule 3.11 conference on the day of the conference, not the day after; and second, that Mr. Estiverne's co-counsel, Vernon Thomas, now testifies by affidavit that a certain agreement between them and Mr. Mott was not made at a conference in April 1987.[1]

## A.

At issue on the first point is certain correspondence over a discovery conference between counsel, as required by Local Rule 3.11, which aims to promote amicable resolutions of discovery disputes in order to avoid Court intervention over discovery matters.

Certain facts are undisputed. On May 26, 1987, Mr. Estiverne wrote Mr. Mott a letter giving notice of a 3.11 conference to be held on May 28, 1987 at 10 a.m. in Mr. Estiverne's office. The letter was sent to Mr. Mott by certified mail, return receipt requested and was received sometime on May 28, 1987.

Mr. Estiverne's position is puzzling. Conspicuously absent from his memorandum is any explanation how a notice posted by mail and received on the same day as a conference, even if the notice is received earlier in the day than the time for the conference, can at all be considered adequate notice. *Cf.* F.R.Civ.P. 6(e) (adding three days for prescribed periods when a notice is served by mail). The purpose of Local Rule 3.11 can rarely be served effectively if a party is not given at least a day or two actual notice of a 3.11 discovery conference.

This aside, the Court notes that its earlier finding on this point remains wholly supported. On page 3 of its Order and Reasons, the Court wrote:

> ... [T]he Court finds credible Mr. Mott's explanations for defense counsel's conduct in this regard, including his assertion that he did not receive notice of the Local Rule 3.11 conference required to encourage amicable resolution of discovery disputes until after the conference was to occur.

Mr. Mott's testimony at the hearing on July 1, 1987 was, in part, as follows:

> MR. ESTIVERNE: Isn't that a fact you failed to show at the 3.11 conference?
>
> MR. MOTT: I was never notified, Your Honor, and the Magistrate so found.
>
> MR. ESTIVERNE: Wasn't there a certified letter delivered to you for a 3.11 conference, isn't that a fact?
>
> MR. MOTT: Oh, sure, but it was after the date of the conference, Your Honor. It was delivered to my office after the time the conference had passed.

---

1. While the motion is styled as one under Rule 59(e), it appears perhaps to be one made more properly under Rule 60(b)(1) or 60(b)(2). Thus, the Court treats the motion as being brought under either or both of Rules 59 and 60.

**200**

Tr. at 12:8–12:16. The mail receipt for Mr. Estiverne's letter shows that the letter was indeed received on the same date as the date for which the conference was scheduled. In response to Mr. Estiverne's late letter, Mr. Mott immediately wrote Mr. Estiverne by certified mail that Mr. Mott did not receive Mr. Estiverne's letter until 10:12 a.m., twelve minutes after the time scheduled for the conference; Mr. Mott added that Mr. Estiverne should contact him so that the two might re-schedule the conference.

Mr. Mott's oral testimony suggests that he received Mr. Estiverne's letter on or after May *29*, 1987; having heard Mr. Mott's testimony and having assessed his credibility, the Court finds that this minor, incorrect suggestion is immaterial and does not at all affect the substantial weight the Court has already given to Mr. Mott's testimony. Mr. Mott does not dispute that the letter was actually received on May 28, 1987; his own letter to Mr. Estiverne confirms as much.

■ The Court merely adds that the fact the letter was received on the day of the conference does in no way establish that the letter was received before the *time* for the conference. But whether the letter was received a few hours before the conference was scheduled or a day or so after, the whole scenario only confirms Mr. Estiverne's disregard for proper procedures for practicing in this Court. In any event, the Court could in no way find that Mr. Mott's conduct in connection with the 3.11 conference or otherwise was in any way responsible for Mr. Estiverne's failure to amend the complaint in a proper and timely fashion.

#### B.

In a final effort, Mr. Estiverne submits a self-serving affidavit from his co-counsel, Mr. Thomas, over certain of the events that allegedly transpired at a conference between these two and Mr. Mott on April 3, 1987. Because no relief from the Court's judgment is appropriate even if the Court fully believes and accepts Mr. Thomas' testimony, the Court finds it unnecessary to hold a further evidentiary hearing to address this last affidavit.

First, Mr. Estiverne made no mention of Mr. Thomas at any time during or prior to the July 1st hearing on defendants' motion to dismiss. In other words, Mr. Estiverne made no effort to inform the Court that there might be a witness to corroborate his version of the events. Nor is any attempt made to explain how Mr. Thomas' being "out of town" during the hearing is sufficient to justify Mr. Estiverne's failure in this regard.

Second, Mr. Thomas' affidavit does not address the Court's findings about Mr. Estiverne's incredible assertions about filing an amended complaint; the Court repeats that it found inexcusable Mr. Estiverne's conduct in "directing" his secretary as he did.

Finally, if there was no "agreement" concerning the officers' names as Mr. Thomas and Mr. Estiverne allege, then Mr. Estiverne should have made a formal written request for the name identification in accordance with the federal discovery rules. Had he been still dissatisfied with defendants' responses, his proper remedy would have been a motion to compel. The Court merely adds that the only interrogatories of which this Court is aware from the record make no mention of the identification of the pictures.

### III. *Conclusion*

In concluding, the Court emphasizes that its overriding consideration in its decision to dismiss plaintiffs' complaint was Mr. Estiverne's contumacious conduct in failing to amend the complaint. This entire imbroglio could, and should, have been easily avoided if Mr. Estiverne had only observed the most rudimentary rules of practice and procedure. The Court, the defendants, and the public have considerable interests in seeing that cases are not endlessly prolonged as Mr. Estiverne would have them.

For these reasons, the Court DENIES plaintiffs' two motions.