In re David S. MARSTON and Candace P. Marston, Debtors.

Richard EDGE, a secured creditor, Plaintiff,

v.

David S. MARSTON and Candace P. Marston, Defendants.

Bankruptcy No. 90–7430–8P7.
Adv. No. 90–600.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

May 11, 1992.

William Robertson, Jr., Sarasota, Fla., for plaintiff.

R. John Cole, II, Sarasota, Fla., for defendant.

## ORDER ON MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, RELIEF FROM ORDER

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration involves the Motion by Richard Edge (Plaintiff) to Reconsider this Court's Order dismissing the above-styled adversary proceeding, or in the alternative, the Plaintiff seeks relief from that Order. A brief discussion of the relevant facts will help put the matters under consideration into proper focus.

David S. Marston and Candace P. Marston (Debtors) filed a Petition for Relief under Chapter 7 of the Bankruptcy Code on July 31, 1991. The § 341 meeting of creditors was scheduled for August 28, 1990, and the last date to file a Complaint objecting to the Debtors' discharge or to the dischargeability of a debt was set for October 29, 1990. On October 29, 1990, the Plaintiff filed a Complaint objecting to the Debtors' discharge pursuant to § 727(a)(2), (4) and (5). The Debtors filed a Motion to Dismiss the Plaintiff's Complaint, and this Court entered an Order denying the Motion to Dismiss and scheduled a pre-trial conference. Thereafter, the Debtors filed a Motion for Summary Judgment, based in part upon the fact that the Plaintiff is not a creditor of the Debtors and thus, is not entitled to commence and maintain an action objecting to the Debtors' discharge. This Court entered an Order granting the Debtors' Motion for Summary Judgment.

The Plaintiff and Lucille Edge filed a Motion for Reconsideration of this Court's Order granting the Debtors' Motion for Summary Judgment based in part on grounds that the Plaintiff is, in fact, a creditor of the Debtors by virtue of a wage claim which the Plaintiff filed on July 26, 1991. In the alternative, the Plaintiff and Lucille Edge sought permission of this Court to file a Motion for Substitution of Party to substitute Lucille Edge as Plaintiff inasmuch as Lucille Edge is a secured creditor of the Debtors. This Court granted the Motion for Reconsideration in part and provided that any creditor of the Debtor, as well as the United States Trustee and the United States Attorney, could file an Amended Complaint by approximately September 15, 1991. If an Amended Complaint was not filed by then, the Order provided that this adversary proceeding was to be dismissed. The deadline was extended upon a properly-filed Motion when this Court entered an Order which provided that Mr. Edge could file an Amended Complaint until September 30, 1991.

The Debtors and the Plaintiff entered into a Stipulation in an attempt to settle the above-styled adversary proceeding. According to the Compromise, the Plaintiff agreed voluntarily to dismiss the Complaint challenging the Debtors right to discharge. In exchange, the Debtors promised to pay the Plaintiff $5,000. This Court held a hearing upon the Motion to Compromise Controversy and thereafter, on December 2, 1991 entered an Order Denying the Motion to Compromise Controversy.

Inasmuch as complaints under § 727 of the Bankruptcy Code generally involve "allegations of conduct of the debtor that are contrary to public policy as offensive to the creditor body as a whole," a dismissal of a complaint under § 727 is given special attention. *ITT Financial Services v. Corban,* 71 B.R. 327 (Bankr. M.D.La.1987). The Advisory Committee note to F.R.B.P. 7041 provides that dismissal of the Complaint under § 727 raises special concerns because the Plaintiff might have been induced to dismiss the Complaint by the Debtors. Thus, it is clear that it is inappropriate to compromise a Complaint under § 727 of the Bankruptcy Code. For these reasons F.R.B.P. 7041 does permit a unilateral voluntary dismissal of a Complaint filed pursuant to § 727 of the Bankruptcy Code unless the Trustee, the U.S. Trustee, and such other persons as the Court may direct are given an opportunity to adopt the Complaint and pursue the same. In order to comply with this rule, the Court directed the Clerk to notify the Trustee, the U.S. Trustee and creditors advising them they have an opportunity to pursue the matter and if they do not, the Complaint will be dismissed. Since none of those parties indicated an intention to pursue the Complaint objecting to discharge of these Debtors, on December 13, 1991, this Court entered an Order and dismissed this adversary proceeding.

The matter under consideration addresses this Order in which the Plaintiff seeks reconsideration of the Order of Dismissal entered over one year ago or, in the alternative, seeks relief from the Order of Dismissal pursuant to F.R.C.P. 60(b) as adopted by F.R.B.P. 9024.

It is the contention of the Plaintiff that in reliance on the Stipulation entered into between the parties, which provided for the dismissal of the above-captioned adversary proceeding, as well as for payment of $5,000 by the Debtors to the Plaintiff, the Plaintiff did not file an Amended Complaint. The Plaintiff contends that if he was aware of the fact that the Court would not grant a Motion to Compromise a Complaint under § 727 of the Bankruptcy Code, he would have filed an Amended Complaint. Thus, based on F.R.C.P. 60 as adopted by F.R.B.P. 9024, the Plaintiff seeks relief from this Court's Order of December 13, 1991. The Plaintiff also seeks leave to permit Lucille Edge, the Plaintiff's wife, to prosecute the adversary proceeding.

■ F.R.C.P. 59(c) as adopted by F.R.B.P. 9023 provides that a party has ten days from the entry of an Order within which to file a Motion for Rehearing or Motion to Reconsider such Order. Inasmuch as this Court's Order dismissing the above-styled adversary proceeding was entered on December 13, 1991, and the Plaintiff filed a Motion for Reconsideration on December 30, 1991, the Motion is untimely and should be denied. This leaves for consideration whether the Plaintiff is entitled to relief from this Court's Order of December 13, 1991 based on F.R.C.P. 60 as adopted by F.R.B.P. 9024. This provides in pertinent part as follows:

> On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: 1) mistake, inadvertence, surprise or excusable neglect ... or (sic) any other reason justifying relief from the operation of the judgment.
> Rule 60(b) F.R.C.P. as adopted by Bankruptcy Rule 9024.

■ The disposition of a Motion under F.R.C.P. 60(b) is within the sound discretion of the Court. *Universal Film Exchanges, Inc. v. Lust,* 479 F.2d 573, 576 (4th Cir.1973). To prevail on a Motion under F.R.C.P. 60(b), the movant bears the burden of showing both a reason for the default and the existence of a meritorious defense. *American and Foreign Ins. Ass'n v. Commercial Ins.,* 575 F.2d 980, 983 (1st Cir.1978). A party's reliance on erroneous advice of counsel was found to not constitute excusable neglect or mistake under F.R.C.P. 60(b)(1) in *U.S. v. Proceeds of Sale of 3,888 Lbs. Atlantic Sea Scallops,* 857 F.2d 46, 49 (1st Cir.1988). Similarly, the Fourth Circuit Court of Appeals in *Evans v. United Life & Accidental Insurance Co.,* 871 F.2d 466, 472 (4th Cir. 1989), held that a lawyer's ignorance or carelessness does not present cognizable grounds for relief under F.R.C.P. 60(b). These rulings comport with the Supreme Court's rejection of the claim that a client should not suffer for the sins of the client's attorney. *Link v. Wabash R.R.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962). In sum, this Court is satisfied that the Plaintiff's Motion for Reconsideration should be denied as untimely, and, in the alternative, the Motion for Relief from Order pursuant to F.R.B.P. 9024 is not well taken for the reasons outlined above and should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Plaintiff's Motion for Reconsideration is hereby denied. It is further

ORDERED, ADJUDGED AND DECREED that the Plaintiff's Motion for Relief from Order Pursuant to F.R.B.P. 9024 is hereby denied and the above-captioned adversary proceeding remains dismissed with prejudice.

DONE AND ORDERED.