**Byron MARTINI, Plaintiff,**

**v.**

**A. FINKL & SONS CO., Defendant.**

**No. 96 C 0756.**

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 14, 1997.

Janice A. Wegner, John P. Green, Lisa Kane & Assoiactes, Chicago, IL, Lisa Kane, Chicago, IL, for Byron Martini.

Paul F. Gleeson, Randall Marc Lending, Nancy M. Gerrity, Vedder, Price, Kaufman & Kammholz, Chicago, IL, for A. Finkl & Sons Co.

## MEMORANDUM OPINION AND ORDER

COAR, District Judge.

This proceeding arises out of an action brought by Byron Martini ("Martini" or "Plaintiff") against his employer A. Finkl & Sons Company ("Finkl" or "Defendant") for discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112 and 12203. On November 7, 1996, this Court issued a Memorandum Opinion and Order ("Opinion") granting Defendant's Motion for Summary Judgment on Plaintiff's Amended Complaint. Before the Court is Plaintiff's Motion for Relief from Judgment ("Motion") based upon newly discovered evidence and excusable neglect pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. After reviewing Plaintiff's motion and supporting documents, this Court denies Plaintiff's motion.

### Legal Standards for Motions for Relief from Judgment

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, a district court may grant relief from judgment by motion for a number of reasons, including the following: mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);[1] or any other reason justifying relief from judgment. See Fed.R.Civ.P. 60(b). Relief under Rule 60(b) is an extraordinary remedy that is available only in exceptional circumstances. *Dickerson v. Board of Education of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir.1994); *Harold Washington Party v. Cook Co., Ill. Democratic Party*, 984 F.2d 875, 879 (7th Cir.), *cert. denied* 510 U.S. 825, 114 S.Ct. 86, 126 L.Ed.2d 54 (1993).

The Seventh Circuit has repeatedly held that inexcusable attorney negligence does not constitute proper grounds for relief under Rule 60(b). *See, e.g., United States v. 7108 West Grand Ave.*, 15 F.3d 632, 634 (7th Cir.), *cert. denied*, 512 U.S. 1212, 114 S.Ct. 2691, 129 L.Ed.2d 822 (1994); *Partee v. Metropolitan Sch. Dist.*, 954 F.2d 454, 458 (7th Cir.1992). The burden to prove that the neglect was excusable is upon the party seeking relief from judgment. Fed.R.Civ.P. 60(b). The determination of whether the neglect was excusable is within the sound discretion of the district court. *Hough v. Local 134, Int'l Bhd. of Elec. Workers*, 867 F.2d 1018, 1023 (7th Cir.1989).

### Discussion

As noted above, Rule 60(b) allows for relief from judgment under several specified circumstances. The Court interprets Martini's motion to allege two grounds of relief. First, Martini claims that newly discovered evidence would change the outcome of his case. Such evidence consists of (1) a doctor's note stating that Martini was still under doctor's care when he gave his deposition,[2] and (2) a doctor's note stating that Martini suffers from "right cervical radiculopathy C6," "a left ulnar neuropathy," and "residual nerve damage." (Motion ¶¶ 2–3). Second, Martini argues that his attorney's failure to (1) timely file a complaint after receiving notice of right

---

1. Rule 59(b) provides that a motion for a new trial must be filed within ten days of the entry of judgment. Fed.R.Civ.P. 59(b). This Court issued a Memorandum Opinion and Order on November 7, 1996 granting summary judgment in favor of the defendant. Because November 17, 1996 fell on a Sunday, Martini's right to file a motion for a new trial under Rule 59(b) expired on November 18, 1996.

2. It should be noted that Martini has still failed to submit this document or proof that such a document exists to the Court. (*See* Motion ¶ 2 ("I will send to this Court the letter my doctor wrote as so[on] as I received [sic] it from her file …")).

to sue from the EEOC and (2) present to the Court evidence that Martini suffers from "right cervical radiculopathy C6," "a left ulnar neuropathy," and "residual nerve damage" in addition to carpal tunnel syndrome constitutes excusable neglect. (Motion ¶¶ 1, 3).

## I. Newly Discovered Evidence

■ In order to receive relief from judgment on the grounds of newly discovered evidence, Martini must show that such evidence could not have been discovered by November 18, 1996[3] through the exercise of due diligence. See Fed.R.Civ.P. 60(b)(1). Both pieces of evidence which Martini claims are newly discovered are letters from Martini's physician, Dr. Bartucci, who has been Martini's physician throughout this litigation. Martini does not allege that, through the exercise of due diligence, he could not gain access to his medical records or to Dr. Bartucci on or before November 18, 1996. Indeed, the letter describing Martini's present medical condition is dated September 10, 1996, and could have been presented to this Court by motion before judgment was entered on November 7, 1996, and certainly before November 18, 1996 pursuant to Rule 59(b).

Moreover, Martini overestimates the relevance and probative value of this "newly discovered" evidence. Martini suggests that the letters would render his deposition testimony inadmissible, establish that he has a disability under the ADA, and thus, constitute grounds to set aside the summary judgment. However, the basis of this Court's decision to grant summary judgment was not whether Martini had right cervical radiculopathy C6, a left ulnar neuropathy, and residual nerve damage; the nature of Martini's physical impairment was not determinative. Rather, this Court found that, based upon the evidence of record, Martini failed to prove that any major life activities were substantially limited by his physical impairment and, by consequence, that he is disabled under the ADA. (Opinion at 20–22). Evidence of Martini's other ailments, without more, is unpersuasive. With respect to Martini's de-

position, there is still no proof that at the time of the deposition Martini suffered from an infirmity that would render his consensual testimony, which consisted of approximately three hundred and fourteen pages, inadmissible. Accordingly, Martini's motion for relief from judgment on the ground of newly discovered evidence is denied.

## II. Excusable Neglect

■ Martini urges this Court to grant relief from judgment due to his attorney's failure to timely file a complaint after receiving notice of right-to-sue from the EEOC. In addition, Martini cites his attorney's neglect to offer evidence that Martini suffers from "right cervical radiculopathy C6," "a left ulnar neuropathy" and "residual nerve damage" in addition to carpal tunnel syndrome. As discussed above, evidence of Martini's medical condition, without more, would not have changed the outcome of the proceedings. Thus, Martini's attorney's failure to offer such evidence is a nonissue. Failure to timely file the complaint, however, is a simple case of attorney negligence. As the Seventh Circuit has held on several occasions, inexcusable attorney negligence is not an exceptional circumstance justifying relief under Rule 60(b)(6). See, e.g., Williams v. Hatcher, 890 F.2d 993, 996 (7th Cir.1989); Andrews v. Heinold Commodities, Inc., 771 F.2d 184, 189 (7th Cir.1985). "Litigants whose lawyers fall asleep at critical moments may seek relief from the somnolent agents; inexcusable inattention to the case ... does not justify putting the adversary to the continued expense and uncertainty of litigation." United States v. Golden Elevator, Inc., 27 F.3d 301, 303 (7th Cir.1994). Martini's remedy lay not with the defendant but rather with Martini's attorney. This court thus denies Martini's motion for relief from judgment on the ground of excusable neglect.

## III. Any Other Reason Justifying Relief

Rule 60(b)(6) allows for relief for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). Relief is available pursuant to 60(b)(6) only in

**3.** See supra note 1.

"exceptional circumstances." *Williams,* 890 F.2d at 995 (quoting *Spika v. Village of Lombard,* 763 F.2d 282, 285 (7th Cir.1985), *cert. denied,* 474 U.S. 1056, 106 S.Ct. 793, 88 L.Ed.2d 771 (1986)). While Martini does not expressly argue that there is any reason justifying relief from judgment other than those addressed above, this Court has considered Rule 60(b)(6) as an alternative ground for granting relief and determined that no exceptional circumstances are presented by this litigation.

### Conclusion

WHEREFORE, for the foregoing reasons, the Plaintiff's Motion for Relief from Judgment is hereby DENIED.