In re Virgilio Guillermo **BAUTISTA** and Expedita Cezar Bautista, Debtors.

Virgilio Guillermo Bautista and Expedita Cezar Bautista, on behalf of themselves and others similarly situated, Plaintiffs,

v.

Midfirst Bank, f/k/a Midfirst State Savings Bank, an Oklahoma corporation, Defendant.

Bankruptcy No. 91–00411 BKC 3P3. Adversary No. 97–283.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

July 6, 1999.

Albert Mickler, Lynn Drysdale, Jacksonville, FL, for plaintiffs.

Kenneth B. Jacobs, Jason B. Burnett, Jacksonville, FL, for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court on three separate but related motions: Defendant's Motion for Involuntary Dismissal, Defendant's Motion to Strike Third Amended Complaint, and Plaintiffs' Motion for Relief From Order Based Upon Excusable Neglect. Hearings were held on April 29, 1999 and May 26, 1999, and upon the evidence presented, the following findings of fact and conclusions of law are entered:

### FINDINGS OF FACT

1. On or about August 28, 1997, Plaintiffs, Virgilio Guillermo Bautista and Expedita Cezar Bautista (the "Bautistas"), served Defendant, Midfirst Bank f/k/a Midfirst State Savings Bank ("Midfirst"), with a Complaint in the instant adversary proceeding. In response, on September 24, 1997, Midfirst served the Bautistas with a Motion to Dismiss Adversary Proceeding, alleging, *inter alia*, that the Bautistas had failed to state a cause of action.

2. Subsequently, on October 14, 1997, without obtaining leave of court or consent of Midfirst in accordance with Rule 7015, Fed.R.Bankr.P., the Bautistas and Patricia E. Sibson ("Sibson") (collectively, "Plaintiffs"), served an Amended Complaint in the instant action. The Amended Complaint improperly joined in the adversary proceeding filed by the Bautistas the Plaintiff in a separate adversary proceeding, Sibson. Pursuant to this Court's Order on Status Conference dated December 14, 1998 (the "First Order"), this Court held that the cases shall remain separate adversary proceedings, other than for purposes of trial, and that Plaintiffs shall amend their Complaint to reflect this ruling.

3. Once again, on December 30, 1998, the Plaintiffs served Midfirst with a Second Amended Complaint which improperly attempted to join the Bautistas and Sibson in the same adversary proceeding in violation of this Court's First Order. In response, on January 19, 1999, Midfirst served a Motion to Dismiss Plaintiffs' Second Amended Complaint, alleging, *inter alia*, that Plaintiffs' Complaint had violated the Court's First Order by failing to separate the adversary proceedings.

4. Pursuant to this Court's Order on Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint dated March 8, 1999 (the "Second Order"), Midfirst's Motion to Dismiss was granted, and the Bautistas were directed to file an Amended Complaint within fifteen (15) days from the date of the Order. The Bautistas

failed to comply with the Court's Second Order by failing to file or serve an Amended Complaint in accordance with the Order. Moreover, the Bautistas failed to file or serve a motion for an enlargement of time in which to comply with the Second Order.

5. On April 2, 1999, Midfirst filed a Motion for Involuntary Dismissal, alleging, *inter alia*, that the Plaintiffs had repeatedly failed to comply with this Court's Orders and the Federal Rules of Bankruptcy Procedure, and had failed to serve an Amended Complaint in accordance with the Court's Second Order. Subsequently, on April 5, 1999, nearly one (1) month after the Court's Second Order, and without obtaining leave of this Court, the Bautistas served Midfirst with a Third Amended Complaint.

6. In response, on April 20, 1999, Midfirst filed a Motion to Strike Third Amended Complaint, alleging, *inter alia*, that the Third Amended Complaint was an unauthorized pleading as the Second Order had become a .Final Judgment. After this Court's initial hearing on April 29, 1999 on Midfirst's Motion for Involuntary Dismissal and Motion to Strike Third Amended Complaint, Plaintiffs were provided with an opportunity to submit briefs in response to the Motion to Strike, and to file motions for relief based upon excusable neglect.

7. On May 12, 1999, the Bautistas served a Motion for Relief From Order Based Upon Excusable Neglect, alleging, *inter alia*, that the Bautistas' counsel became "confused" and "surprised" because Midfirst's argument regarding the Bautistas' violation the Court's First Order was not contained in Midfirst's Motion to Dismiss. However, in fact, Midfirst's argument was contained in the very first paragraph of its Memorandum of Law in Support of the Motion to Dismiss.

8. On May 26, 1999, a final evidentiary hearing was held on the Bautistas' Motion for Relief From Order Based Upon Excusable Neglect. Counsel for the Bautistas testified that he thought that he had dictated instructions to his secretary to delete the cross-references from the complaints. Furthermore, counsel for the Bautistas testified that after he read a document on his secretary's computer screen, he assumed that the complaints had been changed.

## CONCLUSIONS OF LAW

### I. *THE SECOND ORDER DISMISSING THE COMPLAINT BECAME A FINAL JUDGMENT*

■ It is well settled in the Eleventh Circuit that an order dismissing a complaint with leave to amend within a specified time period becomes final when the time period allowed for amendment expires. *Hertz Corp. v. Alamo Rent–A–Car, Inc.*, 16 F.3d 1126, 1132 (11th Cir.1994) (dismissal of case without prejudice with leave to file an amended complaint within twenty days became final judgment after no request for extension or amendment was filed within the required time period); *United States v. Garcia*, 844 F.2d 1528, 1531 (11th Cir.1988) (order granting motion to dismiss which allowed twenty days to amend complaint became final when plaintiff failed to amend within the period specified); *Schuurman v. Motor Vessel Betty KV*, 798 F.2d 442, 445 (11th Cir. 1986) (order dismissing case which allowed twenty days to amend complaint became final upon the expiration of the time allowed for amendment).

In the instant case, the Second Order granted Midfirst's Motion to Dismiss and ordered the Bautistas to file an Amended Complaint within fifteen (15) days from the date of the Order. Because the Second Order was entered on March 8, 1999, the Bautistas had until March 23, 1999 to file an Amended Complaint. When the Bautistas failed to do so, in accordance with *Hertz, Garcia*, and *Schuurman*, the Second Order became a final judgment of dismissal on March 23, 1999.

■ As an alternative ground for dismissal of the instant case, Bankruptcy Rule 7041, which incorporates Rule 41, Fed.R.Civ.P., in Bankruptcy adversary proceedings, governs the involuntary dismissal of actions. Rule 41(b) provides, in relevant part, as follows:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.

Rule 41(b), Fed.R.Civ.P. This Court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir.1985) (dismissal under Rule 41(b) due to plaintiff's counsel's refusal to comply with court's directions was not abuse of discretion; any lesser sanction would not have served the interests of justice); *In re Southeast Banking Corp.*, 212 B.R. 397 (S.D.Fla.1997) (dismissing adversary proceeding pursuant to Rule 41(b) for plaintiff's violation of court's orders).

In a case similar to that of the instant case, the dismissal of an action for the plaintiff's failure to obey the court's order to amend its complaint was held to be proper. *Agnew v. Moody*, 330 F.2d 868, 869 (9th Cir.1964). In *Agnew*, the district court dismissed plaintiff's complaint for failure to satisfy the requirements of Rule 8(a), Fed.R.Civ.P., that it contain "a short and plain statement of the claim," and allowed the plaintiff twenty days to amend. *Id.* at 870. After plaintiff failed to comply with the court's order, the court dismissed the action under Rule 41(b). The *Agnew* court affirmed, holding that the power of the district court to dismiss the action for failure to obey the order was clear, and that the exercise of the power was proper.

The instant Plaintiffs have violated not one, but two Orders of this Court, and have repeatedly refused to follow the Federal Rules of Bankruptcy Procedure. The Plaintiffs refused to comply with Rule 7015, Fed.R.Bankr.P., and filed an Amended Complaint without leave of court which improperly combined two separate adversary proceedings. Subsequently, the Plaintiffs ignored this Court's First Order and filed a Second Amended Complaint which, once again, improperly attempted to join the Bautistas and Sibson in the same adversary proceeding. Finally, even after the Court's entry of its Second Order, the Plaintiffs failed to comply therewith, by failing to file or serve an Amended Complaint within fifteen (15) days. Accordingly, dismissal of the instant action is proper. *See Welch v. Laney*, 57 F.3d 1004, 1009 (11th Cir.1995) (district court properly dismissed plaintiff's claim with prejudice, where court had allowed plaintiff to amend her complaint twice, and plaintiff failed to do so); *Friedlander v. Nims*, 755 F.2d 810, 814 (11th Cir.1985) (district court properly dismissed complaint where court granted plaintiff the opportunity to amend after determining that the original complaint was deficient, and plaintiff failed to properly amend to cure the deficiency).

Under *Goforth*, this Court is authorized to the dismiss this action under Rule 41(b) in order to enforce its orders and insure prompt disposition of lawsuits. Accordingly, this Court shall exercise that authority in the interests of justice.

## II. *THE BAUTISTAS HAVE FAILED TO DEMONSTRATE EXCUSABLE NEGLECT.*

■ Having found that the Second Order became a final judgment of dismissal, the Court must evaluate whether relief from the judgment is appropriate based upon excusable neglect. The Court is unpersuaded by the Bautistas' claim of excusable neglect due to confusion and surprise in connection with the Second Order. The Second Order, which was prepared by counsel for the Bautistas himself, clearly directed the Bautistas to file an Amended Complaint within fifteen (15) days from the date of the Order. Moreover, the assertion in the Bautistas' Motion for Relief

that Midfirst raised an argument "on an extemporaneous basis" is misplaced, as the argument was contained in the first paragraph of Midfirst's Memorandum of Law in support of its Motion to Dismiss.

Similarly, the Court is unpersuaded by counsel for the Bautistas' testimony that he reviewed the text of a document on a computer screen and assumed that the complaints had been corrected in accordance with instructions that he thought he had dictated to his secretary. Counsel for the Bautistas' clerical error or oversight does not constitute excusable neglect. *Insurance Co. of North Am. v. RealCorp Inv. I, Ltd.*, 156 F.R.D. 269, 272 (M.D.Fla. 1994). Likewise, his carelessness is not synonymous with excusable neglect. *In re Uiterwyk Corp.*, 57 B.R. 166, 166 (Bankr. M.D.Fla.1986). Consequently, counsel for the Bautistas may not be permitted to claim the benefits of excusable neglect for his failure to establish minimum safeguards for determining that action is being taken. *Florida Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 784 (11th Cir.1993); *Gibbs v. Air Canada*, 810 F.2d 1529, 1537 (11th Cir.1987); *In re Midland Mech. Contr., Inc.*, 194 B.R. 690, 696 (Bankr. N.D.Ga.1996). To hold otherwise would be to absolve litigants who do nothing upon receipt of a court order from the "harmful effects of their flagrant disregard." *Midland*, 194 B.R. at 696.

In a case with facts similar to those in the instant case, this Court previously upheld the dismissal of an adversary proceeding for the plaintiff's failure to timely file an amended complaint despite a claim of excusable neglect. *In re Marston*, 141 B.R. 767, 769 (Bankr.M.D.Fla.1992). In *Marston*, the Court entered an order setting a deadline for the filing of an amended complaint. *Id.* at 768. The plaintiff then entered into a stipulation in an attempt to settle the adversary proceeding, and failed to file an amended complaint. When the Court denied approval of the compromise, the plaintiff moved for relief pursuant to Rule 9024, Fed.R.Bankr.P., from an order

dismissing the adversary proceeding. *Id.* at 769.

This Court denied the motion, holding that a lawyer's carelessness does not present cognizable grounds for relief under Rule 60(b), Fed.R.Civ.P. *Id.* The Court noted that these rulings comport with the Supreme Court's rejection of the claim in *Link v. Wabash R.R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), that a client should not suffer for the sins of the client's attorney. Accordingly, this Court found that the plaintiff's motion was not well taken. *Id.*

This Court's holding in *Marston* is in accord with numerous cases in other jurisdictions finding an absence of excusable neglect in connection with the failure to timely file a complaint. *See, e.g., In re A.H. Robins Co., Inc.*, 1998 WL 904717 *1, 1998 U.S.App. Lexis 32560, 32560 (4th Cir. 1998) (affirming denial of Rule 60(b) motion for relief where plaintiff negligently failed to timely file suit in compliance with court's order); *Martini v. A. Finkl & Sons Co.*, 955 F.Supp. 905, 907 (N.D.Ill.1997) (attorney negligence in failing to timely file complaint did not did not constitute excusable neglect); *Lynch v. Cannatella*, 122 F.R.D. 195, 199 (E.D.La.1987) (failure to timely amend complaint was not excusable neglect where attorney assumed that his secretary would prepare and file the amended complaint).

Moreover, the Bautistas' reliance in their Motion upon *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), is misplaced. In *Pioneer*, the Court found that the failure to timely file a proof of claim, where the notice of the bar date was "inconspicuous," "peculiar," and "left a dramatic ambiguity in the notification," was excusable. *Id.* at 398, 113 S.Ct. 1489. The Court placed great emphasis on the less than clear notice, stating that "[t]his is not to say, of course, that respondents' counsel was not remiss in failing to apprehend the notice. To be sure, were there any evidence of prejudice to petition-

er or to judicial administration in this case, or any indication at all of bad faith, we could not say that the Bankruptcy court abused its discretion in declining to find the neglect to be 'excusable.' " *Id.*

In the instant case, not only did the Second Order unambiguously direct the Bautistas to file an Amended Complaint, but the Order was prepared by counsel for the Bautistas himself. Under such circumstances, this Court has distinguished *Pioneer* to hold that the failure to take action in the face of a clear order from the Court directing action fails to constitute excusable neglect under Rule 60(b), Fed. R.Civ.P. *See In re King,* 165 B.R. 296, 298 (Bankr.M.D.Fla.1994) (failure to comply with order directing written response within 25 days was not excusable neglect); *In re Norris,* 228 B.R. 27, 32 (Bankr.M.D.Fla. 1998) (failure to take action in the face of clear order amending confirmed Chapter 13 Plan was not due to excusable neglect).

Accordingly, there is no evidence of any excusable neglect by counsel for the Bautistas which would warrant granting relief pursuant to Rule 60(b).

### III. *THE THIRD AMENDED COMPLAINT WAS AN UNAUTHORIZED PLEADING*

Having found that the Second Order became a final judgment of dismissal, and that no relief from the judgment is warranted, the Court must determine the validity of the Bautistas' untimely filed Third Amended Complaint. Bankruptcy Rule 7015, which incorporates Rule 15, Fed.R.Civ.P., in Bankruptcy adversary proceedings, governs the amendment of pleadings. Rule 15(a) provides, in relevant part, as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served, or if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it any time within 20 days after it is served.

> Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party . . . .

Rule 15(a), Fed.R.Civ.P. (emphasis added).

The Bautistas did not obtain leave of this Court to file a complaint after the period to amend had expired and the Second Order became a final judgment of dismissal. Accordingly, pursuant to Bankruptcy Rule 7015, the Bautistas' Third Amended Complaint constitutes an unauthorized pleading, and must be stricken.

### *CONCLUSION*

The Court will enter the following separate orders on each motion: Defendant's Motion for Involuntary Dismissal is granted, and Final Judgment is entered involuntarily dismissing this adversary proceeding with prejudice; Plaintiffs' Motion for Relief From Order Based Upon Excusable Neglect is denied; and Defendant's Motion to Strike Third Amended Complaint is granted.