In re Walter J. LEARY, Jr., Debtor.

**Ameriquest Mortgage Company, Movant,**

v.

**Walter J. Leary, Jr., Molly T. Whiton, Trustee, Respondents.**

No. 01–21763.

United States Bankruptcy Court, D. Connecticut.

Feb. 20, 2002.

Leanne M. Larson, Law & Larson, Portland, CT, for Movant.

Gregory F. Arcaro, Grafstein & Associates, Farmington, CT, for Debtor.

*RULING ON MOTION TO VACATE ORDER SUSTAINING OBJECTION TO CLAIM*

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

The court, on October 2, 2001, after proper notice and a hearing, sustained an objection of Walter J. Leary, Jr., the debtor in this Chapter 13 case, to the proof of claim filed by Ameriquest Mortgage Company ("the creditor"). By so doing, the court reduced both the creditor's arrearage claim on a mortgage which it holds on the debtor's residence from $34,079.95 to $28,465.13, and the mortgage principal balance from $88,461.03 to $82,518.44. These reductions were based upon the disallowance of certain asserted late charges, attorney's fees and property tax payments. The creditor had neither filed a response to the debtor's objection nor appeared at the hearing.

The creditor, on October 18, 2001, filed a motion to vacate the court's order contending the creditor had valid defenses to the debtor's objection to claim. In its amended motion, filed January 2, 2002, the creditor asserted that its failure to attend the October 2, 2001 hearing was due to "excusable neglect." At the January 24, 2002 hearing on the amended motion, the

creditor submitted as its sole evidence an affidavit executed by Andy Valencia ("Valencia"), the creditor's "bankruptcy specialist," who had also executed the creditor's proof of claim.[1]

The creditor acknowledges that it received a copy of the debtor's objection to claim and notice of hearing on the objection. The debtor had sent these documents to the creditor by certified mail, properly addressed and to the attention of "Andy Valencia," with a return receipt requested. The return receipt is signed by one "Amy Tsui" ("Tsui") as "agent."

Valencia's affidavit avers that, notwithstanding that the objection and notice were mailed to his attention, he "never received the notice of the hearing or the objection," and that if he had, he would have referred "the matter to legal counsel in order to defend the objection" as he was responsible for the handling of the debtor's bankruptcy file. (Aff. ¶¶ 3–6.)

The debtor filed an objection to the creditor's motion and argues that the creditor has failed to establish a sufficient basis for the application of the doctrine of excusable neglect. For the reasons that follow, the court agrees with the debtor.

## II.

The creditor presumably brings its motion pursuant to Fed.R.Civ.P. 60(b)(1), made applicable in bankruptcy proceedings by Fed. R. Bankr.P. 9024, which provides, in relevant part, that the court may relieve a party from an order for reason of "excusable neglect." The Supreme Court, in *Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), dealing with Fed. R. Bankr.P. 9006(b)(1) and a matter

involving a failure to meet a filing deadline, ruled that the determination of what sort of neglect will be considered excusable, includes the circumstances of "danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." 507 U.S. at 395, 113 S.Ct. 1489. It is generally accepted that this holding applies to all federal rules dealing with "excusable neglect."

## III.

In the present matter, the record reflects proper notice was given and received by the creditor, and for unexplained reasons, the creditor's agent responsible for taking the necessary action did not receive the notice. No claim is made that Tsui is not an agent of the creditor. This bare record does not furnish a basis for finding excusable neglect. In *Pioneer*, the Supreme Court rejected as excusable neglect the fact that the creditor's attorney "was experiencing upheaval in his law practice at the time of the bar date." *Id.* at 398, 113 S.Ct. 1489. The creditor does not address the other *Pioneer* circumstances, and the court concludes that they are of neutral significance. On balance, the court concludes that the creditor has not carried its burden to establish excusable neglect and that its motion to vacate shall be denied. *Cf. In re Roasters Corporation,* No. 98–80704C–11D, 2000 WL 33673776, at *5 (Bankr.M.D.N.C. March 14, 2000) (where motion to extend time to appeal filed three days late, court ruled: "The fact that the attorney in the law firm primarily responsible for a matter is out of

---

**1.** The court, on October 24, 2001, had confirmed the debtor's Chapter 13 plan. The debtor, treating himself as solvent, under the plan pays all creditors in full plus interest over a term of sixty months.

the office when an order or judgment is received by the law firm does not require a finding of excusable neglect."); *In re Herdmann*, 242 B.R. 163, 166 (Bankr. S.D.Ohio 1999) (neglect of paralegal to promptly advise bankruptcy trustee of receipt of order does not constitute excusable neglect for failure to timely (two days) file a motion to extend time to appeal); *Sibson v. Midland Mortgage Co. (In re Sibson)*, 235 B.R. 672, 676 (Bankr.M.D.Fla. 1999) (where complaint dismissed for plaintiff's attorney's failure to file timely an amended complaint, excusable neglect was not established by attorney's claim that he thought he had dictated instructions to secretary to file amended complaint); *In re MRM Security Systems, Inc.*, 170 B.R. 192, 194 (Bankr.D.Conn. 1994) (finding that unfamiliarity with courtroom procedure is not a basis for excusable neglect). It is

SO ORDERED.

### ORDER

The motion of Ameriquest Mortgage Company to vacate an order sustaining the objection of Walter J. Leary, Jr. to a claim filed by the movant having come on for hearing before the Court, Honorable Robert L. Krechevsky, Bankruptcy Judge, presiding, and the issues having been duly heard and a ruling of even date issued, it is

ORDERED AND ADJUDGED that the motion be denied.