996 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re MAYVILLE FEED & GRAIN INCORPORATED, Debtor.
Duane LABAIR; Mitchell Labair; George McMullen; Bob
Steele, doing business as Steele Dairy Farm; Edmond
Stephens; Edward Stephens; Gerald Stout; Keith Tedford;
Wildrex Thornton; Harold White; Daniel Day; Mark Stout;
Bernard Cobb, Plaintiffs-Appellees,
v.
MAYVILLE FEED AND GRAIN, INC., STATE OF MICHIGAN, DEPARTMENT
OF AGRICULTURE, Defendant,
Michigan Millers Mutual Insurance Company, Defendant-Appellant.
 No. 92-2036.
 United States Court of Appeals, Sixth Circuit.
 June 17, 1993.
 
 Before KEITH and JONES, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 The defendant-appellant, Michigan Millers Mutual Insurance Company, appeals from a district court order affirming the bankruptcy court's decision denying defendant's motion to extend the time for filing a notice of appeal. Michigan Millers has waived oral argument. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This case involves the Chapter 7 bankruptcy of Mayville Feed & Grain, Inc. (Mayville). The plaintiffs brought suit seeking the return of crops held by Mayville for them or, in the alternative, the cash value of those crops. The plaintiffs alleged that they were beneficiaries of bonds issued by defendant Michigan Millers to Mayville during the years 1984, 1985 and 1986.
 
 
 3
 On January 19, 1989, the bankruptcy court issued an opinion ruling that Michigan Millers was obligated to pay under the bonds. The final distribution was approved by the bankruptcy court on January 31, 1992. Judgment was entered in favor of the plaintiffs and against Michigan Millers on February 26, 1992.
 
 
 4
 On March 26, 1992, Michigan Millers sought to appeal from the February 26, 1992, judgment, but the bankruptcy court refused to accept the untimely notice of appeal. The bankruptcy court did file Michigan Millers' motion to extend the time to file a notice of appeal. The bankruptcy court denied the motion. The district court affirmed the order of the bankruptcy court. Michigan Millers appeals from the order of the district court affirming the bankruptcy court's decision.
 
 
 5
 Denial of a motion for extension of time to file a notice of appeal is reviewed for abuse of discretion. Baker v. Raulie, 879 F.2d 1396, 1399 (6th Cir.1989). Fed.R.Bankr.P. 8002(a) requires that the notice of appeal be filed within ten days of entry of judgment. Rule 8002(c) provides that extension requests made after the initial period for filing a notice of appeal may not be granted without a showing of excusable neglect. The Supreme Court recently discussed the issue of excusable neglect in the context of the filing of a proof of claim under Fed.R.Bankr.P. 9006(b)(1). Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 61 U.S.L.W. 4263 (U.S. Mar. 24, 1993). Although the Court's holding applies only to that rule, the Court's reasoning clearly covers the present case. In Pioneer, the Court in a five to four decision held that reading Bankruptcy Rule 9006(b)(1) inflexibly to exclude every instance of an inadvertent or negligent omission would ignore the most natural meaning of the word "neglect" and would be at odds with the accepted meaning of that word in analogous contexts. In other words, the Court clearly directed a relaxation of the strict standard of excusable neglect. See Headlee v. Ferrous Financial Servs. (In re Estate of Butler's Tire & Battery Co.), 592 F.2d 1028, 1034 (9th Cir.1979).
 
 
 6
 The Court went on to discuss the factors to consider when faced with the question of when neglect becomes excusable. In essence, the Court concluded that the determination of when neglect will be considered "excusable" is an equitable one. However, several factors mentioned by the Court are the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.
 
 
 7
 Upon review, we conclude that the bankruptcy court did not abuse its discretion. In its motion for extension of time, counsel for Michigan Millers asserted that he did not receive a true copy of the judgment until March 6, 1992 (Judgment entered on February 26, 1992), and was thereby effectively denied the ten-day appeal period prescribed by the rules. Counsel blamed the delay on the United States Postal Service.
 
 
 8
 In a similar context, this court has emphasized the jurisdictional nature of the ten-day requirement and the fairness of placing the burden of any delay in the mail upon the appellant. Walker v. Bank of Cadiz (In re LBL Sports Center, Inc.), 684 F.2d 410, 412 (6th Cir.1982) (per curiam). Additionally, a party has an independent duty to keep informed, and a third party's failure to inform a party of entry of final judgment is not grounds for excusable neglect. Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1411-12 (9th Cir.1986). Here counsel's office received notice of the judgment within the appeal period, and counsel's delay in filing the notice of appeal is not excusable.
 
 
 9
 Accordingly, the order of the district court affirming the bankruptcy court's denial of defendant's motion for an extension of time for filing a notice of appeal is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.