25 F.3d 1047
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Yvette DUNCAN, Plaintiff-Appellant,
v.
Mertis WASHINGTON, Defendant-Appellee.
 No. 93-1171.
 United States Court of Appeals, Sixth Circuit.
 May 27, 1994.
 
 Before: NELSON, SUHRHEINRICH, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Having failed to file a timely notice of appeal from the dismissal of an adversary proceeding in bankruptcy court, the plaintiff, claiming excusable neglect, moved for an extension of time under Rule 8002(c), Fed.R.Bankr.P. The bankruptcy court found no excusable neglect and denied the motion. An appeal of this ruling to the district court was unsuccessful, and the plaintiff now seeks relief here. For the reasons that follow, we shall affirm the decision of the district court.
 
 
 2
 * The plaintiff, Yvette Duncan, borrowed $117,000 from the defendant, Mertis Washington. As security for the loan, Ms. Duncan says, she gave Ms. Washington a deed to certain real property. Ms. Washington, when she filed for bankruptcy, listed the property as an asset owned outright. Ms. Duncan instituted an adversary proceeding in which she sought a determination that Ms. Washington held only a security interest.
 
 
 3
 The bankruptcy court conducted an evidentiary hearing on the matter in May of 1991. Ms. Washington testified that a Michigan court had previously ruled that she, not Ms. Duncan, owned the property. At the bankruptcy court's request, the parties briefed the issue of whether Ms. Duncan's claim was barred by the doctrine of res judicata.
 
 
 4
 In June of 1992, more than a year after the hearing, Ms. Duncan's attorney sent a letter to the bankruptcy court asking it to issue a decision "predicated upon a completed hearing." On July 23, 1992, the bankruptcy court dismissed the action on res judicata grounds.
 
 
 5
 On July 25, 1992, two days after judgment was entered, Ms. Duncan's lawyer went out of town on business. Notice of the judgment reached the lawyer's office on July 28, and he acquired actual knowledge of it when he returned to his office on Monday, August 3. This was the last day for filing a notice of appeal as of right or requesting an extension without having to show excusable neglect.
 
 
 6
 The lawyer tried to reach Ms. Duncan by telephone on August 3, but was unable to do so. He could have asked the bankruptcy judge for an extension of time in which to appeal, thereby preserving the option of filing a notice of appeal later if Ms. Duncan authorized him to do so, but instead he simply sent Ms. Duncan a letter. Two days later, on August 5, she told him that she wanted to appeal.
 
 
 7
 On August 14 the lawyer filed a "motion for leave to appeal." The bankruptcy judge held a hearing at the conclusion of which he denied the motion from the bench.
 
 
 8
 On appeal to the United States District Court for the Eastern District of Michigan, that court affirmed the bankruptcy court's ruling. Ms. Duncan has now appealed to this court.
 
 II
 
 9
 In an appeal to the district court from an order in a bankruptcy case, Rule 8002(a) provides, "[t]he notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." The requirements of the rule are jurisdictional; the untimely filing of a notice of appeal deprives the district court of jurisdiction to review the bankruptcy court's order. Anderson v. Mouradick, 13 F.3d 326 (9th Cir.1994); In re Colon, 941 F.2d 242, 245 (3rd Cir.1991).
 
 
 10
 The bankruptcy rules do, however, permit extensions of time in certain circumstances:
 
 
 11
 "The bankruptcy judge may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect...." Rule 8002(c), Fed.R.Bankr.P.
 
 
 12
 It is undisputed that Ms. Duncan filed neither a notice of appeal nor a request for an extension of time within 10 days of the dismissal of her adversary proceeding. Her request for an extension came 11 days after the filing deadline. Under Rule 8002(c), therefore, she could be granted an extension only upon a showing of excusable neglect.
 
 
 13
 A bankruptcy court's denial of an extension of time for filing an appeal must be upheld absent an abuse of discretion. See Marsh v. Richardson, 873 F.2d 129, 130 (6th Cir.1989). The meaning of "excusable neglect" is a question of law the resolution of which is subject to de novo review.
 
 
 14
 We have consistently held that a finding of excusable neglect requires "unique or extraordinary circumstances." See Barnes v. Cavazos, 966 F.2d 1056, 1061 (6th Cir.1992) (discussing Fed.R.App.P. 4(a)(5)); Baker v. Raulie, 879 F.2d 1396, 1399 (6th Cir.1989) (Rule 4(a)(5)); Marsh, 873 F.2d at 130. Bankruptcy courts do not normally treat being out of town as a unique or extraordinary circumstance. See In re Neill, 158 Bankr. 93, 96 (Bankr.N.D.Ohio 1993) (debtor on vacation); Elias v. Zeller, 38 B.R. 739, 741 (Bankr. 9th Cir.1984) (counsel on vacation); In re Smith, 38 Bankr. 685, 686 (N.D.Ohio 1982) (counsel unable to contact client); In re Culmtech, Ltd., 89 B.R. 418, 419 (Bankr.M.D.Pa.1988) (counsel absent on business).
 
 
 15
 In Pioneer Investment Services Co. v. Brunswick Associates Ltd., 113 S.Ct. 1489 (1993), the Supreme Court relaxed the standards of excusable neglect somewhat. Pioneer dealt with a bankruptcy rule (Rule 9006(b)(1)) that allows a bankruptcy court to permit late filing of a proof of claim if the delay was the result of excusable neglect. The bankruptcy court in that case had mailed out a "Notice for a Meeting of Creditors" the text of which announced a "bar date," or deadline, for filing proofs of claims. The creditors' attorney, who was retained after the creditors had received this notice, was unaware of the deadline. The creditors tendered their proofs of claims late, and asked the court to permit a late filing under Bankruptcy Rule 9006(b)(1). The creditors' attorney attributed the delay to disruptions in his professional life caused by his withdrawal from his former law firm.
 
 
 16
 When the case reached the Supreme Court, the Court said that the question of whether a delay due to neglect is excusable
 
 
 17
 "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." 113 S.Ct. at 1498, citing Pioneer Investment Services Co. v. Brunswick Associates, Ltd., 943 F.2d 673, 677 (6th Cir.1991) (footnotes omitted).
 
 
 18
 The Court concluded that the delay in Pioneer was the result of excusable neglect. This conclusion was based primarily on the fact that the announcement of the bar date had been buried in the notice of a creditors' meeting. The creditors' culpability was minimal, and the other factors favored allowing the appeal. The Court expressly noted that disruption in the attorney's professional life was not a significant factor in its decision to allow the appeal.
 
 
 19
 Although the decision in Pioneer involved Bankruptcy Rule 9006, the Court's reasoning applies to other rules creating an "excusable neglect" exception to time limits. See Pioneer, 113 S.Ct. at 1496-98 (discussing excusable neglect under various other procedural rules).
 
 
 20
 In the case at bar we cannot say that the bankruptcy court was guilty of an abuse of discretion or misapprehension of the law. Although Pioneer "clearly directed a relaxation of the strict standards of excusable neglect," In re Mayville Feed & Grain, Inc., No. 92-2036 (6th Cir. June 17, 1993), the standards have not been abolished altogether. There was simply no reasonable justification here for the lawyer's failure to request an extension of time on August 3, when he could have been granted up to 20 days to ascertain whether Ms. Duncan wished to appeal.
 
 
 21
 It is undisputed that the lawyer knew on August 3 that a judgment had been rendered, and he knew or should have known that the time for filing a notice of appeal or a request for extension of time expired that day. The lawyer said that he did not request an extension forthwith because he misread Rule 8002(c). However, "[i]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Pioneer, 113 S.Ct. at 1496. Cf. Reed v. Gardner, 986 F.2d 1122, 1128 (7th Cir.) ("An appellant's misunderstanding of [procedural rules] and ignorance of ... recent caselaw in this circuit cannot constitute excusable neglect"), cert. denied, 114 S.Ct. 389 (1993); In re Cosmopolitan Aviation Corp., 763 F.2d 507, 515 (2d Cir.) ("The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules"), cert. denied, 474 U.S. 1032 (1985). The lawyer's misunderstanding of the rule in this case was not excusable.
 
 
 22
 AFFIRMED.