In re Homer A. HESS, Debtor.

**Kathryn A. BELFANCE, Trustee,**
**Plaintiff–Appellee,**

v.

**BLACK RIVER PETROLEUM,**
**INC., Defendant–Appellant.**

**BAP No. 97–8034.**

United States Bankruptcy Appellate Panel, of the Sixth Circuit.

Submitted May 7, 1997.

Decided June 13, 1997.

Howard E. Mentzer, Rajko Radonjich, Mentzer, Viullemin & Robinson, Akron, Ohio, for plaintiff–appellee.

Joseph B. Jerome, Cleveland, Ohio, for defendant–appellant.

Before: LUNDIN, RHODES, and WALDRON, Bankruptcy Appellate Panel Judges.

## OPINION

Black River Petroleum, Inc. appeals the order of the bankruptcy court denying its motion for extension of time to appeal. The Panel concludes that the bankruptcy court did not abuse its discretion and accordingly affirms.

## I. ISSUE ON APPEAL

The issue is whether the bankruptcy court abused its discretion by denying Black River's motion for extension of time to file notice of appeal pursuant to Fed. R. Bankr.P. 8002(c).

## II. JURISDICTION AND STANDARD OF REVIEW

■ A "final order" of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798, 109 S.Ct. 1494, 1497, 103 L.Ed.2d 879 (1989) (citations omitted). An order denying a motion for extension of time to file a notice of appeal pursuant to Fed. R. Bankr.P. 8002(c) is a final order.

■ Denial of a motion for extension of time to file a notice of appeal is reviewed for abuse of discretion. *Baker v. Raulie,* 879 F.2d 1396, 1399 (6th Cir.1989); *Marsh v. Richardson,* 873 F.2d 129, 130 (6th Cir.1989). The meaning of "excusable neglect" is a question of law, the resolution of which is subject to *de novo* review. *Duncan v. Washington,* 1994 WL 232397 (6th Cir. May 27, 1994).

A court has abused its discretion if the reviewing court has a definite and firm conviction that the trial court committed a clear error of judgment in the conclusion that it reached based on all of the appropriate factors. *Bowling v. Pfizer, Inc.,* 102 F.3d 777 (6th Cir.1996); *Stevens v. McGinnis, Inc.,* 82 F.3d 1353 (6th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 433, 136 L.Ed.2d 331 (1996). "An abuse of discretion occurs only when the [trial] court 'relies upon clearly erroneous findings of fact or when it improperly applies

the law or uses an erroneous legal standard.'" *Mapother & Mapother, P.S.C. v. Cooper* (*In re Downs*), 103 F.3d 472 (6th Cir.1996). *See also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608 (6th Cir.1995); *Davis v. Jellico Community Hosp., Inc.*, 912 F.2d 129 (6th Cir.1990).

## III. FACTS

On February 15, 1994, the bankruptcy court entered the underlying order that Black River seeks to appeal. That order found that Black River was the alter ego of Homer A. Hess, the debtor in this bankruptcy case. Counsel for Black River apparently received a copy of the underlying order seven days later, on February 22, 1994. The deadline to file the notice of appeal under Rule 8002 was February 25, 1994. Black River filed its notice of appeal on March 2, 1994. Therefore, Black River's notice of appeal was not timely filed.

On March 16, 1994, Black River filed a motion for extension of time to appeal in the bankruptcy court. On September 2, 1994, the district court dismissed the appeal upon a motion to dismiss for untimeliness, filed by the trustee, Kathryn A. Belfance. The district court did not address the motion for extension of time to appeal, then pending before the bankruptcy court.

Black River appealed to the Sixth Circuit the dismissal of its appeal by the district court. On May 30, 1995, the court of appeals ruled that because the bankruptcy court had never decided the motion for extension of time to appeal, the bankruptcy court retained jurisdiction to determine that motion. The court of appeals vacated the district court's dismissal of the appeal and remanded to the district court with instructions to remand to the bankruptcy court for a ruling on the motion for extension.

On August 28, 1995, the bankruptcy court held a hearing to determine whether there was "excusable neglect," which under Rule 8002(c) would justify extending the time for Black River to appeal. Black River argued that "excusable neglect" existed due to the mail delay in its counsel receiving the judgment, the unavailability of the clients, and "other issues associated with trying to run a practice of law." [1]

Following the hearing, the bankruptcy court denied the motion, stating:

> In reviewing the present case, the court finds that upon appellant's receipt of the February 15, 1994 order there were three days remaining for the appellant's counsel to take action, yet he failed to do so. [Counsel] admitted he was aware of the applicable Bankruptcy Rules for appeals. Although [Counsel] offered the excuse he was unable to contact his client regarding an appeal he certainly could have file a notice of appeal or a request for an extension of time to appeal within the ten-day period. If his client later decided not to pursue the matter, the appeal could have been withdrawn without prejudice. Bankruptcy Rule 8001(c).

*Belfance v. Black River Petroleum, Inc.* (*In re Hess*), Ch. 7 Case No. 589–00189, Adv. No. 590–0024, slip op. at 7 (Bankr.N.D.Ohio Sept. 11, 1995).

The bankruptcy court concluded that Black River had not demonstrated "excusable neglect," and denied the motion for extension.

## IV. DISCUSSION

■ Fed. R. Bankr.P. 8002(c) provides, in part:

> A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect if the judgment or order appealed from does not authorize the sale of any property or the obtaining of credit or the incurring of debt under § 364 of the Code, or is not a judgment or order approving a disclosure statement, confirming a plan, dismissing a case, or converting the case to a case under another chapter of the Code.

1. *See* Transcript of 8/28/95 hearing page 18, lines 15–25, page 19, lines 3–4.

The Supreme Court's decision in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), defined "excusable neglect" in the context of Fed. R. Bankr.P. 9006(b).

> [A]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" ... is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

507 U.S. at 392, 113 S.Ct. at 1496. The Supreme Court explained:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.

*Id.* at 395, 113 S.Ct. at 1498.[2]

■ In two unpublished decisions,[3] the Court of Appeals for the Sixth Circuit held that the *Pioneer* standard of "excusable neglect" applies to Rule 8002(c). *In re Mayville,* 1993 WL 213684 (6th Cir. June 17, 1993); *Duncan v. Washington,* 1994 WL 232397 (6th Cir. May 27, 1994). In both cases, the court of appeals looked at the circumstances leading to the failure to file the notice of appeal in a timely manner and determined that the bankruptcy court had not abused its discretion when it held that "excusable neglect" had not been demonstrated.

In *Mayville,* counsel received a copy of the judgment eight days after entry, and blamed the delay in filing a notice of appeal on the Postal Service. The bankruptcy court held that the appellant had not shown "excusable neglect." On appeal, the court of appeals noted that "a party has an independent duty to keep informed, and a third party's failure to inform a party of entry of final judgment is not grounds for excusable neglect." 1993 WL 213684 at *2 (quoting *Alaska Limestone Corp. v. Hodel,* 799 F.2d 1409, 1411–12 (9th Cir.1986)). The court of appeals further noted that counsel did receive the "notice of the judgment within the appeal period, and counsel's delay in filing the notice of appeal [was] not excusable." *Id.* The court of appeals said, "Upon review, we conclude that the bankruptcy court did not abuse its discretion." *Id.*

In *Duncan,* the bankruptcy court's order was entered on July 23, 1992. It reached counsel's office on July 28, 1992. Counsel was out of town and did not receive actual knowledge of it until August 3, 1992, which was the last day for filing the notice of appeal. Counsel tried but was unable to reach his client on that day. The bankruptcy court ruled this did not constitute "excusable neglect" and denied the motion for extension. The court of appeals noted that counsel could

---

**2.** The Supreme Court then stated that it substantially agreed with the factors that the Sixth Circuit had laid out as "helpful, although not necessarily exhaustive, guides." *Pioneer,* 507 U.S. at 386, 113 S.Ct. at 1493 (citing *In re Pioneer,* 943 F.2d 673, 677 (6th Cir.1991)). The four factors are: (1) the danger of prejudice to the party opposing the extension; (2) the length of the delay and its potential impact of judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395, 113 S.Ct. at 1498 (citing *In re Pioneer,* 943 F.2d at 677). These four factors are not mechanically considered in every case. *See,* discussed below, *Labair v. Mayville Feed & Grain, Inc. (In re Mayville Feed & Grain, Inc.),* No. 92–2036, 1993 WL 213684 (6th Cir. June 17, 1993); *Duncan,* 1994 WL 232397.

In *Pioneer,* the Supreme Court rejected a fifth element for consideration—whether the client should be penalized for counsel's mistake or neglect. 507 U.S. at 396, 113 S.Ct. at 1499.

**3.** Although unpublished decisions of the Sixth Circuit are not binding precedent, they can be cited if persuasive, especially where there are no published decisions which will serve as well. *See In re Braddy,* 195 B.R. 365, 370–71 (Bankr.E.D.Mich.1996)("although the [Sixth Circuit] Court of Appeals does recognize that its unpublished decisions are not binding precedent in the same sense as published decisions, the [Sixth Circuit] does cite an unpublished decision when there is no published decision on point and the reasoning of the unpublished decision is found persuasive. [T]he lower courts join the Sixth Circuit in applying a general principle that although not binding, unreported Sixth Circuit decisions can be cited if persuasive."). *See also* Sixth Circuit Rule 24(c). For these reasons, this Panel concludes it is appropriate to cite and rely on *Mayville* and *Duncan.*

have filed a motion for an extension on August 3, which would have been within the appeal period. The court of appeals held that the bankruptcy court did not abuse its discretion in denying the motion.

In the present case, Black River's counsel received the order seven days into the ten day appeal period. As in both *Mayville* and *Duncan,* counsel received the notice of judgment within the appeal period and could have moved under Rule 8002(c) for an extension of time within which to appeal without showing excusable neglect. In *Mayville* and *Duncan,* the court of appeals noted that as a safeguard for the appeal process, this motion might be filed without consulting the client.

Further, on February 7, 1994, in response to a written request from Black River's counsel, the bankruptcy court notified Black River's counsel that it could expect a decision on or before February 16, 1994. Black River's counsel had notice that a decision was about to be rendered, and could have begun discussing the possibility of the need for an appeal with the client. This further indicates that Black River has not demonstrated "excusable neglect."

The bankruptcy court based its decision that Black River had not demonstrated "excusable neglect" on the factual similarities between the present case and *Mayville* and *Duncan.* The court of appeals held in both of those cases that the bankruptcy court had not abused its discretion in determining that "excusable neglect" had not been shown. The bankruptcy court did not apply an incorrect standard and did not abuse its discretion when it determined that Black River had not demonstrated that "excusable neglect" existed for its failure to timely file the notice of appeal.

■ Finally, there is no merit in the argument that "excusable neglect" could be found in "other issues associated with trying to run a practice of law."[4] The court of appeals has concluded that it is no excuse that a lawyer's practice interferes with compliance with limitations and deadlines.

> Such errors by counsel indicate a serious lack of diligence and inattention to the everyday detail of the practice of law. Most trial lawyers know that meeting time deadlines is part of what their practice is all about. Most know that meeting time deadlines is a major part of appellate practice because the failure to file certain documents like the notice of appeal creates a jurisdictional defect.

*Marsh v. Richardson,* 873 F.2d at 131 (citing *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988)).

## V. CONCLUSION

The bankruptcy court did not abuse its discretion when it denied the motion for extension of time to appeal. The bankruptcy court applied a correct standard of "excusable neglect." The decision of the bankruptcy court is AFFIRMED.

---

**4.** *See* Transcript of 8/28/95 hearing page 18, lines 15–25, page 19, lines 3–4.