In re Thomas HERDMANN, Kathleen R. Herdmann, Debtors.

Bankruptcy No. 96–55055.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Oct. 28, 1999.

Lee C. Mittman, Columbus, OH, for debtors.

Arnold White, Columbus, OH, Chapter 7 Trustee.

### ORDER ON MOTION TO EXTEND TIME TO FILE APPEAL

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

The matter is before the Court on the "Motion To Extend The Time To Appeal Until November 1, 1999" ("the Motion") filed by the Chapter 7 Trustee Arnold S. White on October 20, 1999. By his Motion, the Chapter 7 Trustee requests, pursuant to Fed.R.Bankr.P. 8002(c), that the

deadline to file an appeal of this Court's Order entered October 7, 1999, be extended until November 1, 1999. For the reasons set forth below, the Court denies the Motion to Extend the Time to Appeal.

This Court is vested with jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## I. *Findings of Fact*

Arnold S. White (the "Trustee") is the duly acting Chapter 7 trustee of the bankruptcy estate of Thomas and Kathleen Herdmann. On July 2, 1999, Mr. White filed his Application for Allowance of Compensation as Counsel for Trustee, requesting that he receive attorney's fees in the amount of $7,334.50. On July 30, 1999, Mr. White filed his "Final Report and Account of Trustee Application for Compensation and Reimbursement of Expenses, Claims Analysis, and Abandonments". The notice and opportunity for hearing on the Final Report was served on August 2, 1999, and indicated that the deadline for filing objections was August 29, 1999.

On August 27, 1999, the Office of the United States Trustee ("the U.S.T.") filed its Objection to Application of Arnold S. White for Allowance of Compensation as Counsel for Trustee. The U.S.T. requested that the Court reduce Mr. White's fees by the amount of $763.00 because said amount was actually compensable as part of Mr. White's trustee compensation. The U.S.T. further stated that it "is investigating another issue in this case which is not yet completed. Consequently, the United States Trustee reserves the right to supplement this Objection at a later period." On September 16, 1999, Mr. White filed a Motion to Strike the U.S.T.'s Objection. Mr. White argued that the Objection was not timely, and that the U.S.T. had already approved the Trustee's Final Report containing the fees of the Trustee and counsel for the Trustee.

The hearing on the Trustee's Application for Allowance of Compensation and the Objection of the U.S.T. took place on September 28, 1999, at 2:00 p.m. After hearing argument from Mr. White and from the U.S.T., the Court made an oral ruling denying Mr. White's Motion to Strike the Objection of the U.S.T., and further denying all compensation requested by Mr. White pursuant to 11 U.S.C. §§ 326 and 330. The Court ordered the U.S.T. to prepare an order reflecting the ruling of the Court.

The Court's Order entered October 7, 1999 ("the October 7, 1999 Order"), denied Mr. White's Motion to Strike the U.S.T.'s Objection, denied all compensation requested by Mr. White pursuant to 11 U.S.C. §§ 326 and 330, and required Mr. White to submit an Amended Report of Distribution to the U.S.T. Mr. White did not submit an Amended Report of Distribution as ordered by the Court. During the early afternoon of October 19, 1999, Mr. White delivered to this Court's chambers an "Agreed Order To Extend The Time To Appeal Until November 1, 1999," signed by Mr. White and Alexander Barkan, the Assistant U.S. Trustee. Mr. White returned to chambers later in the afternoon to inquire whether the agreed entry had been signed, but was advised that Fed.R.Bankr.P. 8002(c)(2) required that a written motion be filed before the Court could consider an order extending the time to file an appeal.

Mr. White was apparently unaware that obtaining an agreed order did not negate the requirement of filing a motion to extend the appeal deadline. Mr. White had a short motion in his file that he stated would be filed immediately with the Clerk's Office. The motion that Mr. White initially presented (but never filed with the Court) made no reference to excusable neglect. Mr. White was unaware that Fed.R.Bankr.P. 8002(c)(2) required a showing of excusable neglect if a motion to

extend the time for filing a notice of appeal was filed after expiration of the time for filing a notice of appeal.

On October 20, 1999, Mr. White filed the Motion that is the subject of this Order. Mr. White never filed the original motion that he had presented in chambers on October 19, 1999. Mr. White also presented a new Agreed Entry to Extend the Time to Appeal Until November 1, 1999, bearing his signature, and that of Linda Battisti, an attorney for the U.S.T. In the version of the Motion that was actually filed with the Court, the Trustee alleges that "excusable neglect" exists for his failure to file a timely motion to extend the time to file a notice of appeal, and requests entry of the proposed agreed order granting the Motion.

The Court must determine whether "excusable neglect" exists, allowing for the filing of the Motion two days after the deadline set forth in Fed.R.Bankr.P. 8002(c).

## II. *Conclusions of Law*

■ The Court has reviewed Mr. White's affidavit filed in support of his Motion, and the proposed agreed entry, and has many concerns. The signature by the attorney for the U.S.T. on the proposed Agreed Order to Extend The Time To Appeal is not binding on the Court. Fed.R.Bankr.P. 8002(c)(2) requires the movant to make a showing of excusable neglect for failing to file a written motion for extension of time to appeal within ten (10) days of the entry of the Court Order. It was therefore improper for the U.S.T. to sign a proposed agreed entry on a matter that requires independent findings by the Bankruptcy Court.

■ More troubling to the Court is the basis upon which the Trustee asserts excusable neglect. The Trustee asserts that excusable neglect exists for filing the Motion after the expiration of the appeal period for the following reasons:

(1) the Court's Order, though entered on October 7, 1999, was not received in his office until October 12, 1999;

(2) the Order, after received in his office, was improperly routed to his paralegal who did not promptly advise the Trustee of receipt of the Order, thereby creating additional delay;

(3) the October 7, 1999 Order refers to the Court's oral ruling which had not yet been transcribed, and the Trustee was unable to obtain a transcription on an expedited basis; and

(4) the U.S.T. did not advise the Trustee of the contents of the proposed entry before it was submitted to the Court.

For these reasons, the Trustee asserts that he has demonstrated "excusable neglect" under *Pioneer Investment Services v. The Brunswick Associates Limited Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993).

In *Pioneer*, the Supreme Court defined "excusable neglect" for purposes of Fed. R.Bankr.P. 9006(b). Courts will be permitted, where appropriate, to accept proofs of claim that were not timely filed due to inadvertence, mistake, or carelessness, or due to intervening circumstances beyond the party's control. *Pioneer*, 507 U.S. at 388, 113 S.Ct. 1489. Here, the Trustee requests that the excusable neglect standard set forth in *Pioneer* be applied to Fed.R.Bankr.P. 8002, thereby allowing him to file an untimely motion to extend the time to file an appeal.

Bankruptcy Rule 8002(c)(2) mandates that a request to extend the time to file a notice of appeal must be made by written motion, filed before expiration of the time for filing a notice of appeal, "except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect." Accordingly, if a party fails to file a motion seeking an extension of the time for appeal within 10 days after entry of the court's order, it may still file the motion within 20 days

after expiration of the original 10–day period if excusable neglect is shown. Under such circumstances, the bankruptcy court has discretion to grant the requested extension.

This Court must express its doubts as to the existence of, or bases for "excusable neglect" set forth by the Trustee in the Motion. The Trustee mistakenly believed that he had an absolute right to file a motion to extend the time to appeal within twenty days after expiration of the 10–day appeal period, and was unaware of the need to show excusable neglect. Regardless, the allegations set forth by the Trustee do not rise to the level of "excusable neglect" as set forth in Bankruptcy Rule 8002(c), and the Trustee's Motion to Extend the Time to Appeal until November 1, 1999, must therefore be denied.

In *In re Hess*, 209 B.R. 79 (6th Cir. BAP 1997), the bankruptcy court had entered an order on February 15, 1994 finding that an entity called Black River was the alter-ego of the debtor, Homer A. Hess. Pursuant to Bankruptcy Rule 8002, the deadline for filing a notice of appeal was February 25, 1994. Black River, though its counsel received a copy of the order on February 22, 1994, filed its notice of appeal on March 2, 1994, and on March 16, 1994, filed a motion for extension of time to appeal The bankruptcy court denied the motion for extension of time to appeal, ruling that Black River had not demonstrated "excusable neglect". Black River had argued that "excusable neglect" existed inasmuch as only three days remained to file a notice of appeal after its counsel received the court's order, and counsel for Black River was unable to contact his client to discuss filing an appeal. *Hess*, 209 B.R. at 81.

The *Hess* Bankruptcy Appellate Panel affirmed the holding of the bankruptcy court and held that Black River did not demonstrate "excusable neglect" that would permit an untimely motion for extension of time to appeal. *Hess*, 209 B.R. at 82. The court in *Hess* discussed two unpublished decisions of the Court of Appeals for the Sixth Circuit. In *In re Mayville*, 996 F.2d 1215, 1993 WL 213684 (6th Cir.1993), and *Duncan v. Washington*, 25 F.3d 1047, 1994 WL 232397 (6th Cir.1994), the Sixth Circuit determined that the bankruptcy courts had not abused their discretion in finding that "excusable neglect" had not been demonstrated.

*Mayville* is particularly instructive for the case at issue. The Trustee here asserts that the October 7, 1999 Order was not received until five days after its entry. In *Mayville*, counsel for the movant argued that the judgment was not received until eight days after its entry based on a delay caused by the postal service. The court in *Mayville* found that "a party has an independent duty to keep informed, and a third party's failure to inform a party of entry of final judgment is not grounds for excusable neglect." *Mayville*, 996 F.2d 1215, 1993 WL 213684 at *2 (quoting *Alaska Limestone Corp. v. Hodel*, 799 F.2d 1409, 1411–12 (9th Cir.1986)). As in *Mayville*, within the 10–day appeal period, the Trustee received the Order for which he requests an extension of time to appeal.

In *Washington*, the underlying bankruptcy court order was entered on July 23, 1992, and was received in counsel's office on July 28, 1992. Counsel was out of town, and did not receive actual notice of the court's order until August 3, 1992, the last day for filing a timely notice of appeal. The bankruptcy court found that these facts did not constitute "excusable neglect" and denied a motion for an extension of time to file an appeal. The court of appeals affirmed, holding that the bankruptcy court did not abuse its discretion. The court in *Hess* cited the *Mayville* and *Washington* cases, and found that counsel for Black River could have filed a timely motion for extension under Bankruptcy Rule 8002(c), and its counsel could have either contacted the client, or filed the motion for extension of time without consulting the client, on a timely basis. Accordingly, the court in *Hess* found that

Black River had not demonstrated "excusable neglect" and denied the motion for extension of time to file an appeal. *Hess,* 209 B.R. at 83.

Also relevant here is the *Hess* court's final ruling that "it is no excuse that a lawyer's practice interferes with compliance with limitations and deadlines." *Hess,* 209 B.R. at 83. Counsel for Black River argued that "excusable neglect" could be found in "other issues associated with trying to run a practice of law." *Hess,* 209 B.R. at 83. This is analogous to the Trustee's argument regarding the "misdirection" of the Court's Order to the desk of his paralegal, and the Trustee's failure to review the Order immediately upon becoming apprised that his paralegal had already received it.

On October 15, 1999, Mr. White asked his paralegal whether she had seen the relevant entry because he was expecting it. The paralegal confirmed that she had seen the Order and would find it. The Trustee asserts that on October 18, 1999, he realized that the transcript would not be available, and *at that point* asked to see the Court Order. Mr. White asserts that he discovered, "to his surprise," that the Order had been "filed" (sic) on October 7, 1999. Mr. White states that he immediately prepared the entry to permit an extension of time so he could review the decision, and the next day sought approval of the U.S.T. and "filed the motion as requested by the Court." The Court is perplexed by the Trustee's argument in this regard. Since October 17, 1999 was a Sunday, the Trustee still had the opportunity to file a timely notice of appeal, or motion for extension of time to appeal on October 18, 1999. The delay between October 15 and 18 was not addressed by the Trustee, nor was his failure to file the Motion until October 20, 1999 after having actually reviewed the Court's Order on October 18, 1999.

The arguments regarding the Trustee's office procedure indicates the type of "serious lack of diligence and inattention to the everyday detail of the practice of law" as described in *Marsh v. Richardson,* 873 F.2d 129, 131 (6th Cir.1989), *citing Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988). It is most unfortunate that the Trustee was apparently not aware of the strict deadline set forth in Bankruptcy Rule 8002(a) and (c), and the need to show "excusable neglect" for filing an untimely motion for extension of time to file an appeal. It is also unfortunate, despite having actual notice of the entry of the October 7, 1999 Order, that the Trustee chose to delay the filing of his Motion until October 20, 1999. The October 7, 1999 Order denies significant fees and costs to Mr. White as Trustee and attorney for the Trustee. A matter of such significance to Mr. White certainly warranted his diligence and attention.

■ The Court is troubled with the Trustee's assertion pursuant to "Local Bankruptcy Rule 9072(f)(sic)", regarding the U.S.T.'s failure to show him a copy of the order prior to submitting it to the Court. The Trustee is apparently referring to L.B.R. 9072–1(f) which states that authorization for opposing counsel's signature is *encouraged* prior to submission of a proposed order following a hearing, but that "the signature of opposing counsel *is not required* for entry of the court's order" (emphasis added). There was no duty for the U.S.T. to "share the proposed order" with the Trustee prior to its submission to the Court. Further, the proposed Order, as noted by the Trustee, merely referred to the Court's oral ruling. The substance of the Order could not have come as a surprise to the Trustee. Had the U.S.T. set forth specific findings of fact and conclusions of law in its proposed order, the need for prior review by the Trustee would have been more understandable.

■ The Court finds that, in accordance with *Hodel,* the Trustee had an independent duty to keep informed of the status of the underlying Order. This is especially applicable in light of L.B.R. 9072–1(f), the

section purportedly cited by the Trustee. The prevailing party is required to submit a proposed order conforming to the court's decision "within seven (7) days after hearing or trial." L.B.R. 9072–1(f). At the end of the September 28, 1999 hearing, the Court clearly ordered the U.S.T. to prepare and present an order to the Court. The Trustee should have been aware that the order would be entered soon after the court hearing. In fact, the Order was not signed by the Court until eight days after the hearing. The Trustee had ample time to become informed of the order, but failed to act promptly and reasonably.

The Court is also unimpressed with the Trustee's argument that he was unable to obtain a timely transcript of the Court's oral decision. The copy of the transcript received by the Court shows that the applicable recitation of the Court's oral ruling was only three pages. There is no affidavit from the court reporting service regarding the Trustee's efforts to obtain a transcript, and the inability of the court reporter to accommodate the Trustee. The hearing took place on September 28, 1999, at 3:00 p.m., and it would have been a simple matter for the Trustee to immediately request a copy of the transcript on an expedited basis at the conclusion of that hearing. Waiting for receipt of the order prepared by the U.S.T. before requesting the transcript, and not acting with diligence and attention to strict deadlines is certainly neglectful, but does not come close to the level of "excusable" neglect.

In *In re HML II, Inc.*, 234 B.R. 67 (6th Cir. BAP 1999), the bankruptcy court had entered an order on October 6, 1998 overruling the debtor's objection to the Chapter 7 trustee's notice of intent to abandon real property. The debtor filed a notice of appeal fifteen days after the entry of the order, and subsequently moved for an extension of time to file its notice of appeal. The debtor argued that "excusable neglect" existed pursuant to Bankruptcy Rule 8002(c) based on an allegation that it had inadvertently relied on Fed.R.Civ.P. 6

to compute the running of the 10–day filing deadline under Bankruptcy Rule 8002(a). Debtor argued that its failure to file a timely notice of appeal was due, in part, to an unintentional oversight caused by its attorney's unfamiliarity with bankruptcy procedure. *HML II,* 234 B.R. at 71.

The court in *HML II* cited its prior decision in *Hess,* as well as the *Mayville* and *Washington* decisions, and concluded that "excusable neglect" had not been established. *HML II,* 234 B.R. at 71. Despite the attorney's miscalculation of the deadline to file a notice of appeal, the court found that "[i]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect' ..." *HML II,* 234 B.R. at 71, *citing Pioneer,* 507 U.S. at 392, 113 S.Ct. at 1496. Accordingly, the court denied the debtor's motion for extension of time to file an appeal, noting that the deadline set forth in Bankruptcy Rule 8002 is to be strictly construed, and that the timely filing of a notice of appeal or motion for extension of time to file a notice of appeal is a jurisdictional requirement. *HML II,* 234 B.R. at 73, *citing In re Linder,* 215 B.R. 826, 831–832 (6th Cir. BAP 1998) (quoting *In re Owens,* 129 F.3d 1264, 1997 WL 693555 (6th Cir.1997)). The court concluded that it lacked jurisdiction to entertain the appeal where the notice of appeal was not timely filed pursuant to Bankruptcy Rule 8002. *HML II,* 234 B.R. at 72.

As in *HML II,* the Trustee's apparent misunderstanding of the "excusable neglect" requirement of Bankruptcy Rule 8002(c) does not warrant a finding of "excusable neglect." The Trustee was apparently aware of the 10–day deadline for filing a notice of appeal, but the actions taken as detailed in his Motion do not support a finding that his neglect was "excusable." Due to the Trustee's failure to file a timely notice of appeal, or motion to extend the time to appeal, and based on the absence of excusable neglect in meet-

ing the filing deadlines, the Motion is not well founded.

Based on the foregoing, the Motion To Extend The Time To Appeal Until November 1, 1999 filed by the Chapter 7 Trustee is DENIED.

IT IS SO ORDERED.