ELECTRONIC CITATION:  2000 FED App. 0004P (6th Cir.)
File Name:  00b0004p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

In re:  CARLTON P. BOGGS,                )
                                         )
                    Debtor.              )
_____ )
                                         )
LUDWIG W. SCHMIDT, JR., et al.,          )
                                         )
            Plaintiffs-Appellants,       )
                                         )
                                         )
            v.                           )      No. 99-8057
                                         )
CARLTON P. BOGGS, et al.,                )
                                         )
            Defendants-Appellees.        )
                                         )
_____ )

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Eastern Division, at Columbus.
No. 97-50941, Adv. No. 97-0122.

Submitted:  February 3, 2000

Decided and Filed:  March 27, 2000

Before:  MORGENSTERN-CLARREN, RHODES, and STOSBERG
Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

ON BRIEF:  David Watkins, Columbus, Ohio, for Appellants.  James W. Lewis, LANE, ALTON & HORST, Columbus, Ohio, for Appellees.

_____

**OPINION**

_____


STEVEN RHODES, Bankruptcy Judge.  On June 8, 1999, the plaintiffs filed a motion for leave to appeal an order entered by the bankruptcy court on May 25, 1999.  The bankruptcy court denied the motion, holding that the plaintiffs had not demonstrated excusable neglect for failing to file their notice of appeal or motion for extension of time to appeal within the 10 day time period required by FED. R. BANKR. P. 8002.  The plaintiffs then appealed the denial of their motion for leave to appeal.  The Panel has unanimously determined after examining the briefs, record, and appendix that oral argument is not needed.  FED. R. BANKR. P. 8012.  The Panel holds that the bankruptcy court applied the proper standard for determining that there was no excusable neglect.  Accordingly, the bankruptcy court's order denying the motion for leave to appeal is **AFFIRMED**.


## I.   ISSUE ON APPEAL

The issue is whether the bankruptcy court erred in holding that the plaintiffs had not demonstrated excusable neglect and in denying the motion for leave to appeal.


## II.   JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal.  The United States District Court for the Southern District of Ohio has authorized appeals to the BAP.  A final order of a bankruptcy court may be appealed by right under 28 U.S.C. §158(a)(1).  For purposes of appeal, an order is final if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"  *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494,1497 (1989) (citations omitted).  An order denying a motion for leave to appeal is a final order.  *See Belfance v. Black River Petroleum, Inc. (In re Hess)*, 209 B.R. 79, 80 (B.A.P. 6th Cir. 1997).

"Denial of a motion for extension of time to file a notice of appeal is reviewed for abuse of discretion."  *Id.* (citations omitted). "An abuse of discretion occurs only when the [trial] court relies upon clearly erroneous findings of fact or when it improperly applies the

law or uses an erroneous legal standard." *Id.* at 80-81 (internal quotations and citations omitted).

"The meaning of 'excusable neglect' is a question of law, the resolution of which is subject to de novo review." *Id.* at 80. Conclusions of law are reviewed de novo. *See Nicholson v. Isaacman* (*In re Isaacman*), 26 F.3d 629, 631 (6th Cir. 1994). "De novo review requires the Panel to review questions of law independent of the bankruptcy court's determination." *First Union Mortgage Corp. v. Eubanks (In re Eubanks)*, 219 B.R. 468, 469 (B.A.P. 6th Cir. 1998) (citation omitted).

## III.   DISCUSSION

Plaintiffs filed a "Motion for Leave to Appeal *Instanter.*" However, based on the language of the motion and because it was filed after the expiration of the ten day period for filing a notice of appeal, the bankruptcy court interpreted it as a motion for extension of time to appeal, or leave to file an appeal outside of the time requirements, pursuant to FED. R. BANKR. P. 8002(c).

FED. R. BANKR. P. 8002(a) requires that a notice of appeal be filed within ten days of the date of the entry of the judgment or order. Rule 8002(c) requires that a request for an extension of time to appeal be filed within ten days as well. However, the rule allows the court to consider a request filed within twenty days after the expiration of the time to appeal if the movant demonstrates excusable neglect.

Plaintiffs' counsel asserts that excusable neglect exists because the person in his office who was responsible for the mail was seriously ill at the time the order was received. Plaintiffs' counsel states that the order was received in a timely manner and that the deadline was missed because the person responsible for docketing the deadline was out of the office.

The bankruptcy court rejected counsel's argument, stating, "Where counsel have attempted to convince courts that deadlines missed through mistakes made by office staff or by other pressures associated with the operation of a legal practice were the result of excusable neglect, they have been soundly rebuffed." *Ludwig v. Boggs* (*In re Boggs*), Ch. 7 Case No. 97-50941, Adv. No. 97-0122, slip op. at 3 (Bankr. S.D. Ohio Sept. 13, 1999) (citing *Hess*, 209 B.R. at 83; *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S 380, 398, 113 S. Ct. 1489 (1993); *Huennekens v. Marx* (*In re Springfield Contracting*

*Corp.*), 156 B.R. 761, 766-67 (Bankr. E.d. Va. 1993); *In re Lashinger*, 1999 WL 409389 (Bankr. E.D. Penn. June 15, 1999)) (parenthetical quotations omitted).

In *Hess*, the Panel explained that excusable neglect is to be analyzed under the *Pioneer* standard. *Hess*, 209 B.R. at 82. "'[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395).

The Panel concludes that the bankruptcy court correctly applied the *Pioneer* standard to determine if excusable neglect exists, and that the bankruptcy court did not abuse its discretion in determining that plaintiffs did not demonstrate excusable neglect. Attorneys are responsible for filing notices of appeal in a timely manner. *Hess*, 209 B.R. at 83. "Clerical or office problems" are simply not a sufficient excuse for failing to file a notice of appeal within the ten day period. *See Pioneer*, 507 U.S. at 398 ("[W]e give little weight to the fact that counsel was experiencing upheaval in his law practice at the time of the bar date.").

## IV. CONCLUSION

The bankruptcy court's order denying the motion for leave to appeal is **AFFIRMED**.