*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name:  05b0005n.06**

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | |
|---|---|
| In re: PATRICIA ANN WHITAKER, | ) |
| Debtor. | ) |
| _____ | ) |
| PATRICIA ANN WHITAKER, | ) |
| Appellant, | ) |
| v. | )  No. 04-8042 |
| MARY LOU WHITACRE, | ) |
| Appellee. | ) |
| _____ | ) |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Western Division at Cincinnati.
No. 89-11741.

Submitted: May 4, 2005

Decided and Filed:  June 3, 2005

Before: GREGG, LATTA, and WHIPPLE, Bankruptcy Appellate Panel Judges.

_____

### COUNSEL

**ON BRIEF:**  Daniel E. Whiteley, Jr., Cincinnati, Ohio, for Appellant.  G. Mitchell Lippert,
Cincinnati, Ohio, for Appellee.

---

**OPINION**

---

JENNIE D. LATTA, Bankruptcy Appellate Panel Judge. In this appeal the Debtor challenges an order of the bankruptcy court denying an extension of time for filing a notice of appeal. The Debtor admits that the motion for an extension of time was not timely filed, but contends that the late filing was on account of excusable neglect, and argues that the bankruptcy court abused its discretion in denying the motion.

## I. ISSUE ON APPEAL

The issue on appeal is whether the bankruptcy court abused its discretion in denying the Debtor's motion to extend the time for filing a notice of appeal pursuant to Federal Rule of Bankruptcy Procedure 8002(c)(2).

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel (the "Panel") has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the Panel. A final order of a bankruptcy judge may be appealed by right pursuant to 28 U.S.C. § 158(a)(1). An order denying a motion for extension of time to file a notice of appeal pursuant to Federal Rule of Bankruptcy Procedure 8002(c) is a final order. *Belfance v. Black River Petroleum, Inc. (In re Hess)*, 209 B.R. 79, 80 (B.A.P. 6th Cir. 1997).

"Denial of a motion for an extension of time for filing an appeal is reviewed for abuse of discretion." *Id.*; *see also Allied Domecq Retailing USA v. Schultz (In re Schultz)*, 254 B.R. 149, 151 (B.A.P. 6th Cir. 2000); *Schmidt v. Boggs (In re Boggs)*, 246 B.R. 265, 267 (B.A.P. 6th Cir. 2000). "An abuse of discretion occurs only when the [trial] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Hess*, 209 B.R. at 80-81 (internal quotations and citations omitted).

"The meaning of 'excusable neglect' is a question of law, the resolution of which is subject to *de novo* review." *Id.* at 80. "Under a *de novo* standard of review, the reviewing court decides an issue as if the court were the original trial court in the matter." *Corzin v. Fordu (In re Fordu),*

209 B.R. 854, 857 (B.A.P. 6th Cir. 1997) (citing *Razavi v. Comm'r*, 74 F.3d 125, 127 (6th Cir.1996)), *aff'd*, 201 F.3d 693 (6th Cir. 1999).

## III.   FACTS

On February 5, 2004, the bankruptcy court denied in part the Debtor's motion to avoid a judicial lien.  Because the 10th day after entry of the order was a Sunday and the 11th day was a federal holiday, the deadline for filing a notice of appeal was February 17, 2004. Fed. R. Bankr. P. 8002(a), 9006(a).  The Debtor asserts that a copy of the February 5, 2004 order was not received by her attorney's office until February 11, 2004, and that he was out of the office for a "medical procedure" or "medical appointment" on that date so did not see the order until February 12, 2004. The Debtor and her attorney met to discuss an appeal on February 18, 2004, the day after the deadline for filing a notice of appeal.  On February 20, 2005, the Debtor filed a motion for an extension of time for filing a notice of appeal, which the bankruptcy court denied.

## IV.   DISCUSSION

Pursuant to Rule 9006(b)(3) of the Federal Rules of Bankruptcy Procedure, the court may enlarge the time for taking action under Rule 8002 only to the extent and under the conditions stated in that rule.  Rule 8002 authorizes the bankruptcy judge to extend the time for filing a notice of appeal from an order of the type that the Debtor challenges here, but includes time limitations:

> A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect.

Fed. R. Bankr. P. 8002(c)(2).  The Debtor's request was not made before the time for filing a notice of appeal expired on February 17, but was made within 20 days after expiration of that time. Accordingly, the bankruptcy judge had discretion to extend the time for filing the notice of appeal only if the Debtor made a showing of excusable neglect.

A court must weigh the equities of the case when evaluating whether a party has made a showing of excusable neglect, and must take "account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its

potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993)."[1] In *Pioneer*, the Supreme Court rejected a fifth factor that had previously been included in the analysis of the Court of Appeals for the Sixth Circuit, "whether the [Debtor] should be penalized for [her] counsel's mistake or neglect." *Id.*; *see also Hess*, 209 B.R. 79, 82 n.2 (providing a succinct summary of the *Pioneer* factors).

Applying these factors to the facts at hand, in this case the delay was not prejudicial to the opposing party and the length of the delay between the expiration of the appeal deadline and the filing of the motion for an extension was only three days. However, the Debtor did not show that the delay was outside of her reasonable control or that she acted in good faith. There is no explanation for the fact that no action was taken between February 12, the day the Debtor's attorney had actual knowledge of the order in question, and February 20, the day the motion for an extension was filed. Illness may excuse neglect under certain circumstances. For example, one district court has explained:

> Illness of counsel has been regarded as valid grounds for excusable neglect where "the illness is so physically and mentally disabling that counsel is unable to file the appeal and is not reasonably capable of communicating to co-counsel his inability to file." *Islamic Republic [v. Boeing Co.]*, 739 F.2d [464,] 465 [(9th Cir. 1984)] ("illness involved diarrhea, vomiting, and a five pound weight loss over 36 hours"); *J.P. Fyfe, Inc. v. Bradco Supply Corp.*, 96 B.R. 479, 483-84 (D.N.J. 1989) (counsel "had taken medication for her illness, and was too ill to speak . . . on the telephone.").

*Active Glass Corp. v. Architectural & Ornamental Iron Workers Local Union 580*, 899 F. Supp. 1228, 1231 (S.D.N.Y. 1995). Thus, the Debtor's failure to act might have been excusable if her attorney or someone acting for the attorney were physically unable to prepare or sign a notice of

---

1.  "Although the decision in *Pioneer* involved Bankruptcy Rule 9006, the Court's reasoning applies to other rules creating an 'excusable neglect' exception to time limits." *Duncan v. Washington*, 25 F.3d 1047 (Table), 1994 WL 232397, at *3 (6th Cir. 1994); *accord*, *e.g.*, *Labair v. Mayville Feed & Grain, Inc. (In re Mayville Feed & Grain Inc.)*, 996 F.2d 1215 (Table), 1993 WL 213684, at **1 (6th Cir. 1993); *Allied Domecq Retailing USA v. Schultz (In re Schultz)*, 254 B.R. 149, 153 (B.A.P. 6th Cir. 2000); *Schmidt v. Boggs (In re Boggs)*, 246 B.R. 265, 268 (B.A.P. 6th Cir. 2000); *HML II, Inc. v. Ginley (In re HML II, Inc.)*, 234 B.R. 67, 71 (B.A.P. 6th Cir. 1999), *aff'd*, 215 F.3d 1326 (6th Cir. 2000); *Belfance v. Black River Petroleum, Inc. (In re Hess)*, 209 B.R. 79, 82 (B.A.P. 6th Cir. 1997).

appeal or a motion for an extension by February 17, 2004, due to his medical procedure on February 11, 2004. The Debtor does not, however, provide any information about the physical inability of her attorney to act in that regard. Nor has the Debtor attempted to make any showing regarding good faith.

The Debtor's attorney received a copy of the court's order five days prior to the deadline for filing a notice of appeal. The failure of the Debtor's attorney to take action during that period is unexplained. *See*, *e.g.*, *Duncan v. Washington*, 1994 WL 232397, at *2 (affirming denial of Rule 8002(c)(2) motion because lawyer received actual knowledge of order on day that deadline for filing notice of appeal expired); *Mayville Feed & Grain*, 1993 WL 213684, at *2 (affirming denial of Rule 8002(c)(2) motion although attorney did not receive copy of order until eight days after its entry, holding that burden of delay in mail is on appellant since "a party has an independent duty to keep informed, and a third party's failure to inform a party of entry of final judgment is not grounds for excusable neglect"); *Hess*, 209 B.R. 79 (citing *Mayville,* affirming denial of motion although attorney did not receive copy of judgment until seven days after its entry). Accordingly, the bankruptcy court's denial of the Debtor's motion for an extension was not abuse of discretion and will be affirmed.

Even if the mail delay and "medical procedure" prevented the Debtor's attorney from reviewing the bankruptcy court's order until February 12, 2004, the attorney still had two business days, two weekend days, and one federal holiday to act before expiration of the 10-day appeal period on February 17, 2004. If the Debtor was unavailable for consultation during those five days, the attorney could have filed a request for extension of time to appeal, in which case the bankruptcy court would have been required to extend the deadline. Fed. R. Bankr. P. 8002(c)(2). Such action is appropriate, even without consulting the client, if necessary to "safeguard the appeals process." *Hess*, 209 B.R. at 83.

## V. CONCLUSION

For the foregoing reasons, the bankruptcy court's order denying the Debtor's motion for extension of the time to file a notice of appeal is **AFFIRMED**.